## JONES v. NATIONAL BANK OF COMMERCE OF EL DORADO et al.

### No. 13358.

Circuit Court of Appeals, Eighth Circuit.

Sept. 23, 1946.

Rehearing Denied Oct. 15, 1946.

G. E. Snuggs, of El Dorado, Ark., for appellant.

C. B. Crumpler, of El Dorado, Ark. (J. A. O'Connor, Jr., of El Dorado, Ark., on the brief), for appellees.

Before SANBORN, THOMAS, and JOHNSEN, Circuit Judges.

PER CURIAM.

The appellant filed his "Complaint in Equity" in the district court praying for a judgment for $9,407.50 and for the possession of certain described real estate and personal property alleged to be in the hands of the defendants. The complaint alleges that the plaintiff and all of the defendants are residents of Arkansas.

As a basis of jurisdiction the complaint alleges that the action is for equitable relief by ancillary proceedings for the enforcement of rights and equities previously adjudicated in a farmer-debtor proceeding under section 75 of the Bankruptcy Act, 11 U.S.C.A. § 203, "late pending in the District Court," and for the interpretation, construction and application of the Federal Rules of Civil Procedure. The history of the litigation between the parties and involving the facts and issues herein is re-

cited in the opinion of the Supreme Court of Arkansas in Jones v. National Bank of Commerce of El Dorado, et al., 207 Ark. 613, 182 S.W.2d 377.

The appeal is from an order dismissing the action on motion of the defendants on the ground that the complaint fails to state a claim upon which relief can be granted.

Since this action is one brought for a plenary judgment and diversity of citizenship is wanting, jurisdiction of the federal court, if it exists, is derivative and ancillary to the jurisdiction of the district court in the bankruptcy proceeding referred to above. In that proceeding the appellee bank was named as the only creditor of the bankrupt-appellant here. The schedules attached to the petition showed assets of $12,750 consisting of the real estate and chattels, recovery of possession of which is herein sought, and some debts alleged to be due from the bank. The land and chattels were alleged to be in the possession of the bank as a mortgagee in possession and of the other defendants in privity with the bank. The schedule showed liabilities of the bankrupt in the amount of $2435. They consisted entirely of a debt to the bank secured by mortgages on the bankrupt's land and chattel property. The bankrupt filed an amendment to his petition, in substance asking for an accounting between himself and the bank.

In the bankruptcy proceeding the bank moved to dismiss the petition on the ground that the petition and schedules showed that the bankrupt was not insolvent and was not entitled to relief under § 75 of the Bankruptcy Act. The matter was referred to the referee, and after a hearing the referee found that "the original petition * * * should be dismissed for the reason that said petition shows the debtor to be wholly solvent and not entitled to relief under Section 75 of the Bankruptcy Act," and recommended that the petition be dismissed. The report was approved by the court and an order was entered dismissing the proceedings.

The adjudication to which this action is alleged to be ancillary, and through which the court in this case is said to derive jurisdiction, consists (1) of the findings and the order of the district court dismissing the petition in bankruptcy and (2) of the alleged admissions of the bank implied in its motion to dismiss.

■ Actions are said to be ancillary to an original suit when brought in aid of an execution or to effectuate a judgment entered in the prior suit. They are in effect a continuance of the original suit. Claflin v. McDermott, C.C., 12 F. 375. Such an action is dependent upon a judgment or a decree in the original suit which is complete and determines the rights of the parties. 30 C.J.S.Equity § 618, and cases cited in the footnotes.

■ Clearly the findings and order of the bankruptcy court dismissing the petition do not constitute a judgment determining the rights and liabilities in accounting between the farmer-debtor and the bank. That order of dismissal adjudicated only that the farmer-debtor was not insolvent, as shown by his schedules, and that, for that reason, he was not entitled to any relief under § 75 of the Bankruptcy Act. It was not a turn-over order, and did not adjudicate title to any property to be in the debtor, appellant in this case. Nothing in the findings and order of dismissal in that proceeding confers jurisdiction on the federal district court in this plenary suit in equity in which a judgment for money and for the possession of real property is sought.

■ Neither do the implied admissions of the bank in its motion to dismiss the bankruptcy proceedings give the court such jurisdiction. Admissions do not constitute a judgment. If relevant at all in a plenary suit such as this they are admissible only as evidence and not as an adjudication of any rights. Further, the motion to dismiss, if regarded as a demurrer, admitted only for the purpose of the bankruptcy proceeding that the value of the debtor's alleged assets exceeded the value of his alleged debts, and showed that he was not insolvent, and consequently not entitled to the benefits of the Frazier-Lemke Act.

Since the district court was without jurisdiction the order of dismissal is affirmed on that ground.

**Affirmed.**