In the Matter of **MANDALAY SHORES COOPERATIVE HOUSING ASSOCIATION, Debtor.**

**Bankruptcy No. 81–547 BK T 11.**

United States Bankruptcy Court, M.D. Florida, Tampa Division.

April 30, 1986.

---

Charles Medearis, St. Petersburg, Fla., William O'Malley, Clearwater, Fla., Michael Kinney, Albert I. Gordon, Tampa, Fla., for debtor.

## ORDER ON OBJECTIONS TO APPLICATIONS FOR ALLOWANCE OF FEES

ALEXANDER L. PASKAY, Chief Judge.

THIS IS a dismissed Chapter 11 case, however, the Order of Dismissal expressly provided that this Court shall retain jurisdiction for the very limited purpose of considering the Fee Applications filed in this case by several professionals who were involved during the turbulent history of this Debtor. Objections to the Fee Applications have been interposed by the Debtor who is basically advancing the following propositions in support of the objections.

According to the Debtor, some of the professionals seek allowance for services claimed to have been rendered prior to the entry of the order of retention, therefore, no allowance should be made at all for such services.

Most importantly, however, the Debtor contends that this Court is without power to allow any allowances to anyone because the Order of Dismissal effectively divested this Court of any jurisdiction and, therefore, there is no statutory authority to award any fees to anyone. In addition, the Debtor urges that if any allowance is granted and ordered to be paid, all post-petition debts incurred by this Debtor should also be paid because they are the same legal level as other debts incurred post petition by this Debtor.

In addition, it is the contention of this Debtor that inasmuch as the monies which would be used to pay the allowances, if they are made, are monies which are no longer property of the estate, which are revested without any condition back into the Debtor. Some other parties also urge that the Order of Dismissal reinstated the previous receivership in the state court and, therefore, this Court is without power to make an allowance or make any disposition of any of the funds which are now under the control of the circuit court before which the receivership is pending.

The Court heard argument of counsel and is satisfied that the second proposition urged by the Debtor and also by the parties representing the receivership in the state court proceeding is without merit. This is so because they overlook a very important provision of § 349, the very Section they depend on, which provides that the Court may condition dismissal for cause. The Order of Dismissal in this case clearly and expressly provided that jurisdiction is retained for the purpose of making a determination of the allowances of all the professionals who, under § 330, would be entitled to an allowance. For this reason, any reliance of the objectors on § 349 is misplaced and cannot be accepted.

The first proposition urged by the Debtor, which is to pay these allowances would give them a better or an improper treatment inasmuch as there is no provision to pay any of the post-petition obligations of a Debtor, presents a more difficult problem, but on close analysis this proposition is equally without merit for the following reasons: First, this Court did not retain jurisdiction for any purpose at all except to consider the fee applications by professionals and this Court is satisfied that it would be appropriate in this situation to make an allowance and order the fees to be paid. Second, the payment, when made, will not be made pursuant to the statutory provision dealing with treatment of priorty claims pursuant to § 507(a)(1) and § 1129(a), but a payment in the nature of a condition for dismissal.

Ordinarily, after the disposition of the Fee Applications and payment of the same, all remaining funds would be turned over to the reinstated receivership pursuant to § 349(b)(1)(A). However, in this case, shortly after dismissal, the Debtor filed a new Chapter 11 in the Northern District of Illinois which, although it has been dis-

missed, is now on appeal. There is no indication whether the Order of Dismissal in that court has been stayed. Just to be sure the matter is further muddied and not resolved, the Debtor filed a new Chapter 11 in this Court. This being the case, until those matters are resolved, it would be inappropriate to turn any of these funds over to the state court receivership.

Based on the foregoing, this Court is satisfied that the objection interposed to the Fee Applications is not well taken.

Accordingly, it is

ORDERED, ADJUDGED AND DE-CREED that the objections to the Fee Applications filed by the Debtor and other parties be, and the same is hereby, overruled. A separate order will be entered regarding the Fee Applications.