**In the Matter of Vytautas TALANDIS, Debtor.**

**Bankruptcy No. 86–1640–DH.**

United States Bankruptcy Court, S.D. Iowa.

Jan. 20, 1989.

H.J. Dane, Davenport, Iowa, for debtor.

Dan Childers, Cedar Rapids, Iowa, former Atty. for debtor.

David P. Miller, Atty. Advisor, U.S. Trustee, Cedar Rapids, Iowa.

Kevin Query, U.S. Atty's. Office, Des Moines, Iowa, for U.S.

Terry Gibelstein, Davenport, Iowa, for Davenport Bank & Trust.

Robert Pimm, State Director, Des Moines, Iowa, Charles E. Wittenmeyer, Davenport, Iowa, for FmHA.

Gary M. Lane, Davenport, Iowa, special Counsel for debtor.

## ORDER—APPLICATION FOR ALLOWANCE OF ATTORNEY'S FEES AND EXPENSES

RUSSELL J. HILL, Bankruptcy Judge.

On December 12, 1988, Debtor's former counsel, Dan Childers, P.C. (hereinafter "Childers"), filed an application for attorney's fees and expenses. On December 19, 1988, the Court entered a minute order dismissing Debtor's chapter 11 case and directing the attorney for the United States Trustee to prepare an order. On December 23, 1988, the Court entered an Order dismissing Debtor's case. Thus, the issue presented is whether the Court has jurisdiction to consider a professional fee application after a Chapter 11 case is dismissed.

### FINDINGS OF FACT

1. On September 23, 1988, the Court entered an Order compelling Debtor to solicit and comply with reporting requirements within 20 days. Said Order was previously approved as to form by Childers.

2. On September 26, 1988, Childers filed an application to withdraw as counsel for Debtor.

3. On October 20, 1988, the Court entered an order to show cause why Debtor's case should not be dismissed for failure to comply with the September 23, 1988, Order. The show cause hearing was set for November 22, 1988.

4. On November 22, 1988, H.J. Dane entered an appearance on behalf of Debtor.

5. On November 30, 1988, an Order was entered rescheduling Debtor's show cause hearing for December 14, 1988.

6. On December 5, 1988, the Court entered an Order submitted by Childers granting his application to withdraw as counsel for Debtor.

7. On December 12, 1988, Childers filed a fee application requesting $1,716.46 in fees and expenses for the period from April 25, 1988, through October 28, 1988.

8. On December 14, 1988, the show cause hearing was held. At the conclusion of said hearing, the Court entered a minute order dismissing Debtor's case. Said minute order was not file stamped until December 19, 1988.

9. On December 23, 1988, the Court entered an Order, prepared by the attorney for the United States Trustee, dismissing Debtor's case. The Order also required Debtor to pay an appropriate quarterly trustee fee, pursuant to 28 U.S.C. § 1930(a)(6).

10. Childers never requested the Court to retain limited jurisdiction regarding his fee application in the event Debtor's case was dismissed.

### DISCUSSION

A bankruptcy court has the power to determine whether it has jurisdiction to proceed in any action. *In re Ennis*, 50 B.R. 119, 120–21 (Bankr.D.Nevada 1985) (citations omitted). However, the court should not assume jurisdiction over any matter that does not involve the administration of, or property of a bankruptcy estate. *Id.* at 121. The court is not divested of jurisdiction over a professional fee application in a dismissed Chapter 11 case if the Order of Dismissal expressly provides that the court retains limited jurisdiction to consider the fee application. *Matter*

*of Mandalay Shores Co-op. Housing Ass'n,* 60 B.R. 22, 23 (Bankr.M.D.Fla.1986).

In the case at bar, Childers did not request the Court to retain limited jurisdiction regarding his fee application in the event Debtor's case was dismissed. As a result, the Order on Dismissal did not contain any provision providing for the Court's retention of limited jurisdiction to consider said fee application. Therefore, the Court concludes it does not have jurisdiction to consider Childer's fee application.

IT IS ACCORDINGLY ORDERED that Childer's fee application is denied because the Court lacks jurisdiction to consider it.