**In re Daniel R. LAWSON and Bettye J. Lawson, Debtors.**

**Daniel R. LAWSON and Bettye J. Lawson, Appellants,**

v.

**David A. TILEM and Barry J. Schwartz, Appellees.**

**BAP No. CC–92–1480–VJP.
Bankruptcy No. LA 87–13416–KL.**

United States Bankruptcy Appellate Panel Ninth Circuit.

Submitted without oral argument May 19, 1993.

Decided July 8, 1993.

Bettye J. & Daniel R. Lawson–Rancho Palos Verdes, in pro per.

Barry J. Schwartz, David A. Tilem, pro se.

Before VOLINN, JONES, and PERRIS, Bankruptcy Judges.

## OPINION

VOLINN, Bankruptcy Judge:

Debtors appeal money judgments based on final fee awards. The judgments were entered after the bankruptcy case was dismissed and while an appeal from one of the fee awards is pending before the Ninth Circuit. For the reasons set forth below, we AFFIRM.

## FACTS AND PROCEEDINGS BELOW

The bankruptcy case below arose out of the debtors' attempt to preserve ownership of income property in Texas. They retained Tilem as their general counsel who then retained Schwartz as special counsel for the purpose of formulating a Chapter 11 plan.

These efforts failed and the debtors lost the property. Both attorneys were granted leave to withdraw. Both attorneys were awarded final fees. Tilem was permitted to file a lien on the debtors' home while the case was pending. Schwartz's fee award incorporated a personal judgment against the debtors, but the court refused to grant Schwartz stay relief to file an abstract of the judgment during the case.

The debtors have appealed virtually every order in the bankruptcy case. Tilem's fee award was affirmed by the panel and is presently pending before the Ninth Circuit. *Lawson v. Tilem*, CA 91–55622. Schwartz's fee award was affirmed by the panel and is final.

The bankruptcy case was dismissed on January 23, 1991. The order of dismissal is interlineated: "All pending motions and adversary proceedings in this case are moot and dismissed." Tilem and Schwartz appealed the dismissal because it did not provide for collection of their fees. The dismissal was affirmed by the panel. *In re Lawson*, Case No. CC–91–1091 (9th Cir. BAP January 6, 1993) (unpublished Memorandum disposition).

During the pendency of their appeal from the order of dismissal, Tilem and Schwartz petitioned the trial court to grant them formal judgments based on their fee awards and for other relief. The bankruptcy judge granted the judgments but refused to grant other relief. Each judgment states, "The Court finds that it is appropriate for its earlier Order to be issued in the form of a judgment...." The debtors

timely appealed.[1] Appellee's have brought a motion to dismiss this appeal; strike portions of the appellants' brief, appendices, and excerpts of record; and for sanctions. These motions will be disposed in this opinion.

## ISSUES PRESENTED

The debtors contend that the court was without jurisdiction to order the judgments on two grounds: 1) the bankruptcy case was dismissed, and 2) the underlying fee awards were pending appeal.

## STANDARD OF REVIEW

■ Jurisdiction is a question of law that is reviewed de novo. Since dismissal of an underlying bankruptcy case does not automatically strip a federal court of residual jurisdiction to dispose of matters after the underlying bankruptcy case has been dismissed, exercise of such jurisdiction is left to the sound discretion of the trial court. *In re Carraher*, 971 F.2d 327, 328 (9th Cir.1992); *In re Morris*, 950 F.2d 1531, 1534 (11th Cir.1992); *In re Smith*, 866 F.2d 576, 580 (3d Cir.1989). A court may abuse this discretion only if it does not apply the correct law or if it rests its decision on a clearly erroneous finding of a material fact. *Northern Alaska Environmental Center v. Lujan*, 961 F.2d 886, 889 (9th Cir.1992).

## DISCUSSION

The debtors appear in pro per. They expend some energy in this appeal disputing the validity of the underlying fee awards and arguing the merits of their concurrently pending appeals from the garnishments. These issues are not properly before the panel in this appeal.

*Jurisdiction after dismissal of the case*

A bankruptcy court's jurisdiction is derived from 28 U.S.C. § 157 which allows the district court to refer to the bankruptcy court cases arising under title 11 and arising in or related to a case under title 11. The present controversy arises out of fee awards which are core proceedings pursuant to 28 U.S.C. § 157(b)(2)(A) and (O).

■ Once a case is dismissed, jurisdictional analysis focuses on two issues: whether the order of dismissal must expressly reserve jurisdiction to consider the matter in question, and whether the court may retain jurisdiction over matters pending as well as ancillary to the bankruptcy case. Dismissal of a case operates to reinstate the status of the interests of the debtor and his creditors to their status quo ante. 11 U.S.C. § 349.[2] The legislative history accompanying § 349(b)[3] states, "The basic purpose of the subsection is to undo the bankruptcy case, as far as practicable, and to restore all property rights to the position in which they were found at the commencement of the case." H.R.Rep. No. 595, 95th Cong., 1st Sess., 337–38 (1977), U.S.Code Cong. & Admin.News 1978, pp. 5787, 6294.

Courts have disagreed whether the order of dismissal must contain express language retaining limited jurisdiction to resolve

1. Pending this appeal, Tilem and Schwartz garnished the debtors' wages. The debtors claimed exemptions and the bankruptcy court granted motions objecting to these exemptions. Appeals from these orders are currently pending before the panel: BAP Nos. CC–92–2144 and CC–93–1017.

2. The statute, in relevant, part states:

11 U.S.C. § 349. Effect of Dismissal
(b) Unless the court, for cause, orders otherwise, a dismissal of a case ...
(1) reinstates—
(A) any proceeding or custodianship superseded under section 543 of this title;

(B) any transfer avoided under section 522, 544, 545, 547, 548, 549, or 724(a) of this title, or preserved under section 510(c)(2), 522(i)(2), or 551 of this title; and
(C) any lien voided under section 506(d) of this title;
(2) vacates any order, judgment, or transfer ordered, under section 522(i)(1), 542, 550, or 553 of this title; and
(3) revests the property of the estate in the entity in which such property was vested immediately before the commencement of the case under this title.

3. Unless otherwise stated, all references to "sections" refer to the Bankruptcy Code, 11 U.S.C. §§ 101 et seq.

pending matters.[4] In the present case, the bankruptcy judge *expressly* dismissed all pending motions and adversary proceedings as moot. Therefore, resolution of the issue raised by appellants depends upon the distinction between pending and ancillary matters and the characterization of the orders on appeal.

■ Under the law of the Ninth Circuit, "the bankruptcy court retains subject matter jurisdiction to interpret orders entered prior to dismissal of the underlying bankruptcy case, *In re Franklin*, 802 F.2d 324, 326–27 (9th Cir.1986), and to dispose of ancillary matters such as an application for an award of attorney's fees for services rendered in connection with the underlying action. *See U.S.A. Motel Corp. v. Danning*, 521 F.2d 117 (9th Cir.1975). The bankruptcy court does not have jurisdiction, however, to grant new relief independent of its prior rulings once the underlying action has been dismissed." *In re Taylor*, 884 F.2d 478, 481 (9th Cir.1989) (citations omitted). While dismissal of the underlying bankruptcy case moots all issues directly involving the debtor's reorganization, it does not so act upon issues ancillary to the bankruptcy. *In re Universal Farming Indus.*, 873 F.2d 1334, 1335 (9th Cir. 1989). Actions are said to be ancillary to the original suit when brought in aid of an execution or to effectuate a judgment entered in the prior suit. *Jones v. Nat'l Bank of Commerce*, 157 F.2d 214, 215 (8th Cir.1946). Such an action is dependent upon a judgment or a decree in the original suit which is complete and determines the rights of the parties. *Id.* (citations omitted.) In the present case, the fee awards granted Tilem and Schwartz are final, and the present action therefore is ancillary in nature. Both the Tilem and Schwartz fee awards are final judgments as defined in Bankruptcy Rules 9001(7) ("Judgment" means any appealable order) and 9002(5) ("Judgment" includes any order appealable to an appellate court).

■ In addition to Tilem's fee award, the court granted him a lien on the debtors' property; Schwartz's award incorporated a personal judgment against the debtors. The panel's affirmation of the dismissal of this case, Case No. CC–91–1091, noted that these awards are judgments collectable without maintenance of the case. Thus, subsequent action by the bankruptcy court on the fee awards does not involve action on matters pending at dismissal of the case, and thus does not run afoul of the interlineated language in the order of dismissal.

Appellants rely on *Matter of Mandalay Shores Co-op Housing Ass'n*, 60 B.R. 22 (Bankr.M.D.Fla.1986) for the proposition that a bankruptcy court cannot retain jurisdiction in a dismissed case unless jurisdiction is expressly retained in the order of dismissal. *See also Matter of Talandis*, 95 B.R. 108 (Bankr.S.D.Iowa 1989) (ruling the court had no jurisdiction to consider fee application without express retention of jurisdiction in order of dismissal).

Reliance on the above cases is misplaced in this instance because in those cases final fee applications had not yet been approved. *See also In re Fairway Missionary Baptist Church*, 131 B.R. 407, 409 (Bankr. W.D.Tenn.1991) (refusing jurisdiction because interim allowance of fees is interlocutory and not appealable). The bankruptcy court therefore had jurisdiction to consider the relief requested without an express reservation to do so in the dismissal order

---

**4.** Requiring express language: *In re Fairway Missionary Baptist Church*, 131 B.R. 407 (Bankr. W.D.Tenn.1991) (request for execution on interim fee award, but *distinguishing* execution on judgments pursuant to Fed.R.Bankr.P. 7069); *Matter of Talandis*, 95 B.R. 108 (Bankr.S.D.Iowa 1989) (request for consideration of fee application); *Matter of Mandalay Shores Co-op Housing Ass'n*, 60 B.R. 22 (Bankr.M.D.Fla.1986) (same).

No express language necessary: *In re Morris*, 950 F.2d 1531 (11th Cir.1992) (pending adversary proceeding); *In re Franklin*, 802 F.2d 324 (9th Cir.1986) (construction of declaratory judgment); *In re Aviva Gelato, Inc.*, 94 B.R. 622 (9th Cir. BAP 1988) (motion for costs), *aff'd* 930 F.2d 26 (9th Cir.1981); *In re Eighty South Lake, Inc.*, 81 B.R. 580 (9th Cir. BAP 1987) (determination of sanction); *In re Stardust Inn, Inc.*, 70 B.R. 888 (Bankr.E.D.Pa.1987) (pending adversary proceeding).

because the matter is ancillary to the case dismissed.

The bankruptcy judge granted to appellees some of the relief that they requested and denied other and further relief.[5] Review of the transcript of the hearing below demonstrates that the bankruptcy judge was aware that the underlying case had been dismissed and that she concluded that the court had jurisdiction to act. She exercised her discretion in granting the relief requested. On the record presented, the appellants have not demonstrated that the bankruptcy court abused its discretion by so acting.

*Jurisdiction while appeal is pending*

 Absent the filing of a supersedeas bond and the granting of a stay pending appeal, judgments are final orders. Fed. R.Bankr.P. 7062. The method employed for effecting collection of a judgment pending such appeal is independent from resolution of the judgment on appeal. This issue is without merit.

## CONCLUSION

The bankruptcy court has jurisdiction to dispose of pending and ancillary matters after the dismissal of the underlying bankruptcy case. While courts disagree whether an express retention of jurisdiction is necessary to maintain jurisdiction over pending matters and those enumerated in § 349(b), jurisdiction is not conditioned upon such language as to matters ancillary to the dismissed case, including execution on judgments pursuant to Fed.R.Bankr.P. 7069. Recourse to the bankruptcy court for disposition of its judgments, such as the final fee awards at issue here, is not subject to neutralization by the statute.

The Tilem and Schwartz fee awards are final orders of the court, and the bankruptcy court did not abuse its discretion by ordering formal judgments thereon. The bankruptcy court's orders therefore are AFFIRMED. Appellees' motions to dismiss this appeal and strike portions of appellants' brief, appendices and excerpts of record are denied as moot.

Appellants raised colorable issues in this appeal. Sanctions are inappropriate when a party raises an arguable claim, even if the claim is ultimately rejected. *See Conn v. Borjorquez,* 967 F.2d 1418, 1419–20 (9th Cir.1992). Appellees' motion for sanctions is denied.

---

5. As noted, subsequent to the entry of judgments below, Tilem and Schwartz instituted separate garnishment proceedings against the debtors. The debtors claimed exemptions in the bankruptcy court. Objections to the claims of exemption were granted, and these orders are the subject of companion appeals, CC–92–2144 and CC–93–1017.