**In re M.O.D., INC., Debtor.**

**Bankruptcy No. 93–04063–APG.**

United States Bankruptcy Court,
M.D. Alabama.

April 12, 1994.

Richard A. Lawrence, Montgomery, AL, for debtor.

Dwight H. Williams, Jr., Bankruptcy Adm'r, Montgomery, AL, for respondent.

## OPINION ON APPLICATION FOR ATTORNEY'S FEES

A. POPE GORDON, Bankruptcy Judge.

The debtor's attorney filed an application for an attorney's fee of $4,678.50 on March 8, 1994.[1] This case was dismissed on March 1, 1994.[2]

The court concludes that it should not consider the fee application under the facts of this case.

■ Unless the court for cause orders otherwise, dismissal of a bankruptcy case revests the property of the estate in the entity in which the property was vested immediately before the commencement of the case. *See* 11 U.S.C. § 349(b).[3]

In the instant case, the order of dismissal was unconditional.[4] The debtor's attorney did not request the court to alter the operation of § 349(b) in dismissing the case. Accordingly, on dismissal, the property of the estate vested in M.O.D., Inc.

■ Any compensation awarded to the attorney at the current time would have to be paid not from property of the estate but from property owned by M.O.D., Inc.

1. The bankruptcy administrator objected to the award of any fee in excess of $2,500, the amount of the retainer received by the attorney.

2. The case was dismissed on motion of the bankruptcy administrator because of deficiencies in the debtor's operating reports and the unlikelihood that the debtor would be able to propose a feasible plan of reorganization.

3. "Unless the court, for cause, orders otherwise, a dismissal of a case ... revests the property of the estate in the entity in which such property was vested immediately before the commencement of the case...." 11 U.S.C. § 349(b)(3).

The court is unaware of any authority conferring jurisdiction to order payment from such source.

A separate order will enter.

## ORDER DISMISSING APPLICATION FOR ATTORNEY'S FEES

In accordance with the Opinion entered this day, it is hereby

ORDERED that the application for approval of attorney's fee filed by counsel for the debtor on March 8, 1994 is DISMISSED.

4. Neither did the order provide for the court to retain jurisdiction for the purpose of awarding compensation to professionals. Some authorities conclude that a court has jurisdiction over a fee application filed prior to dismissal only if the court retained jurisdiction at the time of dismissal. *See In re Talandis,* 95 B.R. 108 (Bankr. S.D.Iowa 1989); *In re Mandalay Shores Co-op. Hous. Ass'n,* 60 B.R. 22 (Bankr.M.D.Fla.1986) (the dismissal order expressly retained jurisdiction to consider fee applications); *In re DeLuca,* 142 B.R. 687 (Bankr.D.N.J.1992) (the court retained jurisdiction of *pending* fee applications). *But see In re Fricker,* 131 B.R. 932 (Bankr. E.D.Pa.1991).