James H. THOMAS, Jr., Appellant,

v.

MEDICAL ARTS HOSPITAL
OF TEXARKANA, INC.,
Appellee.

No. 06–95–00106–CV.

Court of Appeals of Texas,
Texarkana.

Submitted March 26, 1996.

Decided April 4, 1996.

Rehearing Overruled April 30, 1996.

See also, 906 S.W.2d 260.

Gary D. Grimes, David Paul, Franks & Grimes, Texarkana, for Appellant.

James M. Orr, Francis & Orr, Dallas, for Appellee.

Before CORNELIUS, C.J., and BLEIL and GRANT, JJ.

## OPINION

GRANT, Justice.

James H. Thomas, Jr., the appellant in this case, appeals the trial court's granting of summary judgment to Medical Arts Hospital of Texarkana, Inc., the appellee in this case.

Medical Arts Hospital of Texarkana ("Medical Arts") contracted with James H. Thomas in July of 1991 to relocate his medical practice to Bowie County, Texas. In consideration of his relocation, Medical Arts agreed to guarantee his income for his first twelve months of practice in Bowie County and to reimburse his moving and marketing expenses.

The contract was to begin no earlier than September 1, 1991, and end no earlier than August 31, 1992. Thomas further contracted to continue his full-time medical practice in Bowie County and maintain active on the hospital's medical staff for one year after the expiration of the contract, which meant at least until August 31, 1993.

Pursuant to the contract, Medical Arts paid Thomas $46,404.33 in income, $1,428.02 in marketing expenses, and $3,378 in moving expenses. Additionally, Thomas executed a promissory note in favor of Medical Arts for the sum of $108,500, becoming payable at Medical Arts' option if he should fail to perform his duties under the contract.

Medical Arts alleged that Thomas failed to maintain his membership on the hospital's

active medical staff, and his membership was terminated prior to August 31, 1993 (admitting that he ceased to be a member of the hospital's medical staff on July 18, 1993). Exhibits to Thomas's response to Medical Arts' motion for summary judgment, however, state that he ceased to be a member of the hospital's medical staff on November 23, 1993.[1] Medical Arts sued Thomas for breach of the relocation agreement, seeking to recover the $51,210.35 it paid under the contract. Medical Arts also sued Thomas for breach of the promissory note.

Medical Arts moved for summary judgment on July 12, 1994. The trial court scheduled the summary judgment hearing for August 8, 1994. On August 2, 1994, Thomas moved for a continuance, which the trial court denied.

On August 5, 1994, Thomas filed for bankruptcy. The trial court entered summary judgment in favor of Medical Arts on August 8, 1994. This Court granted mandamus relief to Thomas and ordered the trial court to vacate the summary judgment issued during the pendency of Thomas's bankruptcy. *Thomas v. Miller,* 906 S.W.2d 260 (Tex. App.—Texarkana 1995, orig. proceeding).

On May 1, 1995, the United States Bankruptcy Court for the Eastern District of Texas, Tyler Division, dismissed Thomas's bankruptcy case.[2] Pursuant to this Court's mandamus, the trial court set aside the summary judgment on September 15, 1995.

Thomas then attempted to conduct discovery with regards to the summary judgment. Medical Arts moved to reset the summary judgment hearing, and the trial court reset the hearing to October 20, 1995. Thomas then amended his answer and answers to interrogatories on October 9, 1995. He also filed a response to Medical Arts' summary judgment motion and his own affidavit in support thereof on October 11, 1995. He additionally filed a motion for leave to consider his response to Medical Arts' motion for summary judgment and his affidavit on October 18, 1995.

■ On October 20, 1995, the trial court held its hearing and denied Thomas's motion for leave to consider his response. The trial court, ruling that the dismissal of Thomas's bankruptcy petition placed the parties in the same position procedurally as they occupied at the time of the filing of the bankruptcy, granted summary judgment in favor of Medical Arts. Thomas appeals from this ruling.

■ By his first point of error, Thomas contends that the trial court erred in refusing to consider his response to Medical Arts' motion for summary judgment and his affidavit in support thereof. The Texas Rules of Civil Procedure provide that

[e]xcept on leave of court, the adverse party [to the summary judgment motion] *not later than seven days prior to the day of hearing* may file and serve opposing affidavits or other written response.

TEX.R.CIV.P. 166a(c) (emphasis added). Responses filed less than seven days before the hearing date, without leave of court, are untimely. *Washington v. City of Houston,* 874 S.W.2d 791, 794 (Tex.App.—Texarkana 1994, no writ).

Thomas's response was filed prior to the seven-day deadline outlined by the Texas Rules of Civil Procedure. *See* TEX.R.CIV.P. 166a(c). The trial court reset the summary judgment hearing to October 20, 1995, and Thomas filed his response on October 11, 1995. Therefore, the response was timely under Rule 166a(c).

Medical Arts argues that we should adopt the trial court's conclusion that the dismissal of Thomas's bankruptcy petition placed the parties in the same position procedurally as they occupied at the time of the filing of the bankruptcy, *i.e.,* that at the time Thomas filed his bankruptcy petition, it was less than seven days before the summary judgment hearing and, thus, untimely.

Medical Arts cites authority stating that the dismissal of a bankruptcy action operates to restore the parties to their *status quo*

---

1. The trial court, however, did not consider this answer in deciding the summary judgment because it treated the answers as not timely filed.

2. The bankruptcy court noted that Thomas had abused and misused the bankruptcy system in filing his petition.

*ante.* 11 U.S.C.A. § 349 (West 1993) (stating that the dismissal of a bankruptcy case reinstates any proceeding superseded under the automatic stay provision, and that all property rights revest to the position occupied immediately before the commencement of the bankruptcy case); *In re Lewis & Coulter, Inc.,* 159 B.R. 188, 190 (Bankr.W.D.Pa.1993) (explaining that a party's rights are restored "as though the bankruptcy case had never been brought"); *In re Lawson,* 156 B.R. 43, 45 (9th Cir. BAP 1993).

In the present case, however, the trial court did not reset the hearing as if the bankruptcy had never been brought, *i.e.,* three days from the setting. Instead, it set the hearing over one month later. This gave Thomas time to timely respond to Medical Arts' motion for summary judgment pursuant to Rule 166a(c).

The summary judgment procedure should not be used as a "snare for the unwary or as punishment for the dilatory, but should be used only to weed out from the litigation process those claims which are patently unmeritorious and undisputed." *Kolb v. Texas Employers' Ins. Ass'n,* 585 S.W.2d 870, 873 (Tex.Civ.App.—Texarkana 1979, writ ref'd n.r.e.). The purpose of the filing time requirement under Rule 166a(c) is to give a party adequate time to prepare for the summary judgment hearing. In this case, because Thomas filed his response more than seven days before the hearing, Medical Arts had adequate opportunity to prepare. Therefore, the trial court erred in refusing to consider Thomas's timely-filed response. This point of error is sustained.

By his second point of error, Thomas contends that the trial court erred in overruling his motion for leave to consider his response to Medical Arts' motion for summary judgment and additional evidence in support thereof. Based on our disposition of his first point of error, we do not reach Thomas's second point of error.

By his third point of error, Thomas contends that the trial court erred in granting Medical Arts' motion for summary judgment. In *Nixon v. Mr. Property Management,* the Supreme Court mandated that in a summary judgment determination:

(1) The movant for summary judgment has the burden of showing that there is no genuine issue of material fact and that [he or she] is entitled to judgment as a matter of law.

(2) In deciding whether there is a disputed material fact issue precluding summary judgment, evidence favorable to the non-movant will be taken as true.

(3) Every reasonable inference must be indulged in favor of the non-movant and any doubts resolved in [his or her] favor.

690 S.W.2d 546, 548 (Tex.1985); *see* TEX. R.CIV.P. 166a(c).

In the present case, Medical Arts proved both the existence of a contractual obligation between itself and Thomas and a breach of this obligation by Thomas. Thomas argues that his affidavit presents a genuine issue of fact as to his breach of the relocation agreement. The trial court did not consider his affidavit, however, because it considered the affidavit as late-filed. Because both Thomas's response and his affidavit were filed more than seven days before the summary judgment hearing, the trial court should have considered his affidavit.

The relocation agreement required Thomas to remain on staff at the hospital at least until August 31, 1993. In his affidavit, however, Thomas presented summary judgment evidence by Jerry Kincade, the executive director of Medical Arts Hospital, that Thomas's medical staff membership was finally terminated on November 23, 1993. This created a genuine issue of material fact as to whether Thomas breached the relocation agreement. Because a material issue of fact remained, the trial court erred in granting Medical Arts' motion for summary judgment. This point of error is sustained.

This cause is reversed, the summary judgment is set aside, and the cause is remanded to the trial court for a new trial.