In re Michael R. MCCOWAN and
Shirley Ann McCowan,
Debtors.

Michael R. McCowan, Appellant,

v.

Franklin R. Fraley, Jr., Appellee.

BAP No. CC–02–1441–PBK.
Bankruptcy No. LA 00–41490 KM.
Adversary No. LA 01–01250 KM.

United States Bankruptcy Appellate Panel
of the Ninth Circuit.

Argued and Submitted May 15, 2003.

Filed July 17, 2003.

Andrew S. Bisom, Ornah Levy, Santa
Ana, CA, for Michael R. McCowan.

Franklin R. Fraley, Jr., Los Angeles,
CA, Pro se.

Before PERRIS, BRANDT and KLEIN, Bankruptcy Judges.

## OPINION

PERRIS, Bankruptcy Judge.

The issue in this case is whether a bankruptcy court retains jurisdiction to enforce its money judgments after the bankruptcy case is closed. We hold that a bankruptcy court has ancillary jurisdiction to enforce its money judgments and retains such jurisdiction after the bankruptcy case closes. Therefore, the bankruptcy court had jurisdiction to reject the former debtor's claim of exemption in response to a writ of execution on a nondischargeable money judgment, and we AFFIRM.

## FACTS

While appellant McCowan was a debtor in a case under chapter 7 of the Bankruptcy Code,[1] the bankruptcy court entered a judgment determining that a debt owed to appellee Fraley is nondischargeable, and awarding Fraley a money judgment for $22,182.87.

After the bankruptcy case was closed, Fraley obtained a writ of execution from the bankruptcy court and served it. In response, McCowan claimed exemptions in funds in a bank account and in an account receivable, as permitted by California judgment enforcement law.

Fraley opposed the exemptions and moved to have the bankruptcy court determine the validity of McCowan's claimed exemptions. The bankruptcy court rejected McCowan's claimed exemptions, and entered the order that is now on appeal.

1. 11 U.S.C. § 101–1330.

2. Although 28 U.S.C. § 157(a) is permissive ("Each district court may provide that any or all cases under title 11 ... shall be referred to

## ISSUE

Whether the bankruptcy court had jurisdiction to determine the validity of McCowan's claim of exemptions in judgment enforcement proceedings brought after the underlying bankruptcy case was closed.

## STANDARD OF REVIEW

■ Whether a court has subject matter jurisdiction is a question of law that we review de novo. *In re Manning*, 236 B.R. 14, 19 (9th Cir. BAP 1999). *See also Schoenberg v. Exportadora de Sal, S.A. de C.V.*, 930 F.2d 777, 779 (9th Cir.1991).

## DISCUSSION

McCowan grounds his appeal on the asserted lack of subject matter jurisdiction and does not contest the merits of the ruling that he does not qualify for the specific exemptions. The underpinning of McCowan's argument is that a bankruptcy court lacks jurisdiction to enforce its own money judgments after a bankruptcy case is closed.

■ A bankruptcy court's jurisdiction "is grounded in and limited by statute." *In re Casamont Investors, Ltd.*, 196 B.R. 517, 521 (9th Cir. BAP 1996). Bankruptcy jurisdiction is initially conferred on district courts, which have original and exclusive jurisdiction over bankruptcy cases as well as original but not exclusive jurisdiction over "all civil proceedings arising under title 11, or arising in or related to cases under title 11." 28 U.S.C. § 1334(a), (b). District courts may refer bankruptcy cases to the bankruptcy courts. 28 U.S.C. § 157(a).[2]

the bankruptcy judges for the district."), all the district courts have "provided by rule for automatic reference to bankruptcy judges." 1 Alan N. Resnick and Henry J. Sommer,

Bankruptcy courts may hear and determine all bankruptcy cases as well as "core" proceedings, which are matters that arise under the Bankruptcy Code or arise in a bankruptcy case. 28 U.S.C. § 157(b)(1). The bankruptcy court may determine "non-core" proceedings, or those "related to" the bankruptcy case, with the consent of the parties. Otherwise, a "non-core" proceeding is heard by the bankruptcy court, which makes proposed findings and conclusions for the district court. 28 U.S.C. § 157(c). If bankruptcy jurisdiction does not exist in the district court because the proceeding does not arise under the Bankruptcy Code or arise in a bankruptcy case, or is not related to a bankruptcy case, the bankruptcy court does not have jurisdiction.

McCowan argues that, after his bankruptcy case was closed, the bankruptcy court lost jurisdiction to enforce its money judgment, because enforcement proceedings are not "related to" the bankruptcy case.

■ A bankruptcy court has jurisdiction to determine the dischargeability of a debt owed by a bankruptcy debtor; such a proceeding "arises under" the Bankruptcy Code, because it is a cause of action created by § 523 of the Bankruptcy Code, *In re Menk*, 241 B.R. 896, 904 (9th Cir. BAP 1999), and is a "core" proceeding that the bankruptcy court may hear and determine. 28 U.S.C. § 157(b)(1), (b)(2)(I). The court's jurisdiction to determine the dischargeability of a debt carries with it the jurisdiction to enter a money judgment that fixes the amount of the nondischargeable debt. *In re Kennedy*, 108 F.3d 1015, 1017 (9th Cir.1997).

It has been long settled that process in aid of and to effectuate an adjudication and order entered by a federal court may be enforced by that court "irrespective of whether the court would have jurisdiction if the proceeding were an original one" and that these principles apply in bankruptcy. *Local Loan Co. v. Hunt*, 292 U.S. 234, 239–40, 54 S.Ct. 695, 78 L.Ed. 1230 (1934); *accord Thomas, Head & Greisen Employees Trust v. Buster*, 95 F.3d 1449, 1453–54 (9th Cir.1996).

The rationale is that a federal court has "ancillary enforcement jurisdiction" that is automatically available for use "in subsequent proceedings for the exercise of a federal court's inherent power to enforce its judgments." *Peacock v. Thomas*, 516 U.S. 349, 356, 116 S.Ct. 862, 133 L.Ed.2d 817 (1996). *Accord Kokkonen v. Guardian Life Ins. Co.*, 511 U.S. 375, 379–81, 114 S.Ct. 1673, 128 L.Ed.2d 391 (1994); *Riggs v. Johnson County*, 73 U.S. (6 Wall.) 166, 187, 18 L.Ed. 768 (1867). Such ancillary enforcement jurisdiction is regarded as fundamentally a creature of necessity. *Peacock*, 516 U.S. at 359, 116 S.Ct. 862; *Kokkonen*, 511 U.S. at 380, 114 S.Ct. 1673; *Riggs*, 73 U.S. at 187.

> Jurisdiction is defined to be the power to hear and determine the subject-matter in controversy in the suit before the court, and the rule is universal, that if the power is conferred to render the judgment or enter the decree, it also includes the power to issue proper process to enforce such judgment or decree.
>
> Express determination of this court is, that the jurisdiction of a court is not exhausted by the rendition of the judgment, but continues until that judgment shall be satisfied. Consequently, a writ of error will lie when a party is aggrieved in the foundation, proceedings, judgment, or execution of a suit in a court of record.

*Collier on Bankruptcy* ¶ 3.02[1] (15th ed. Rev. 2001).

Process subsequent to judgment is as essential to jurisdiction as process antecedent to judgment, else the judicial power would be incomplete and entirely inadequate to the purposes for which it was conferred by the Constitution.

*Riggs v. Johnson County,* 73 U.S. at 187 (footnotes omitted).

▪ Actions "brought in aid of an execution or to effectuate a judgment entered in the prior suit" are ancillary to the original action, *In re Lawson,* 156 B.R. 43, 46 (9th Cir. BAP 1993); "[t]hey are in effect a continuance of the original suit." *Jones v. National Bank of Commerce of El Dorado,* 157 F.2d 214, 215 (8th Cir.1946)(relied on by *Lawson* ). Thus, where a proceeding is brought to execute on a judgment entered by the bankruptcy court, the proceeding is a continuation of the original proceeding, and jurisdiction depends on whether the original proceeding was within the bankruptcy court's jurisdiction. *See In re Mayex II Corp.,* 178 B.R. 464, 468 (Bankr.W.D.Mo.1995)(orders in aid of execution of judgment in core proceeding fall within court's ancillary jurisdiction). *Accord Peacock,* 516 U.S. at 355, 116 S.Ct. 862.

▪ In this case, the original proceeding was one to determine the dischargeability of a debt, which is a proceeding "arising under" the Bankruptcy Code. Such a proceeding is without question within the jurisdiction of the bankruptcy court, as was the money judgment entered on the debt. Therefore, a proceeding to enforce the resulting judgment or execute on it continues to be a matter that "arises under" the Bankruptcy Code, until the judgment is satisfied.

It is not relevant to the analysis whether the underlying bankruptcy case has been closed. The jurisdictional statute, 28 U.S.C. § 1334, does not require that a bankruptcy case be open in order for the court to have jurisdiction to act in a civil proceeding. *Menk,* 241 B.R. at 904. A bankruptcy case is closed when the estate is fully administered. 11 U.S.C. § 350(a).

The fact that the estate is fully administered does not mean that everything that needs to be done has been done. For example, "[c]losing the case does not affect the validity of the discharge injunction, of orders governing rights in property, or of orders governing the rights of parties in interest. They remain in effect and enforceable after closing." *Menk,* 241 B.R. at 911.

As related to enforcement of a money judgment after case closure, the Advisory Committee on the Federal Rules of Bankruptcy Procedure specifically explained that reopening a case is not a prerequisite to judgment enforcement proceedings:

Although a case has been closed the court may sometimes act without reopening the case. . . . A judgment determined to be non-dischargeable pursuant to Rule 4007 may be enforced after a case is closed by a writ of execution obtained pursuant to Rule 7069.

Fed. R. Bankr.P. 5010 advisory committee note.

Neither of the bankruptcy court garnishment decisions cited by McCowan persuade us that limits on bankruptcy jurisdiction undermine settled law of ancillary enforcement jurisdiction. Both of those decisions from trial courts in other circuits assume, without analysis, that there must be an independent basis for jurisdiction, separate from ancillary enforcement jurisdiction, over a garnishment proceeding to enforce a money judgment entered by a bankruptcy court. *In re Wernick,* 242 B.R. 194 (Bankr.N.D.Fla.1999); *In re Sieger,* 200 B.R. 636 (Bankr.N.D.Ind.1996). Neither decision considered the concept of ancillary enforcement jurisdiction.

Likewise, McCowan's reliance on the Fifth Circuit's decision in *In re Bass,* 171 F.3d 1016, 1022–26 (5th Cir.1999), is misplaced. Not only does *Bass* run counter to the Ninth Circuit's analysis of a similar factual scenario in *Thomas, Head & Greisen Employees Trust,* 95 F.3d at 1453–55, it is distinguishable as involving a separate lawsuit in extraordinary circumstances against a third party on a new theory contrary to state substantive law, which is a fringe area of ancillary enforcement jurisdiction that is inherently fact-specific. *Peacock,* 516 U.S. at 357–59, 116 S.Ct. 862. In contrast, this appeal involves garden-variety judgment enforcement proceedings against a judgment debtor under Fed. R.Civ.P. 69 in accordance with state law.

The distinction between the cases in this circuit, which recognize continuing jurisdiction over enforcement of or execution on a judgment, and those from other circuits on which McCowan relies, lies in whether the courts view the later proceedings as matters independent from the original action. Because, in the cases on which McCowan relies, the proceedings in aid of execution are viewed as completely separate from and independent of the original proceeding that resulted in entry of the judgment, the courts view enforcement proceedings as requiring an independent basis of federal court jurisdiction.

In this circuit, however, proceedings to aid in execution of a judgment are considered a continuation of and part of the original proceeding. Jurisdiction over such matters flows from the jurisdiction over the original proceeding that resulted in the judgment. In this case, there is no question that the bankruptcy court had jurisdiction over the original dischargeability proceeding. Therefore, it had jurisdiction to enforce that judgment, even after the bankruptcy case was closed.

## CONCLUSION

The bankruptcy court had jurisdiction to determine the validity of McCowan's claimed exemption as an aid in execution of the nondischargeable money judgment. We AFFIRM.