

**NOT FOR PUBLICATION**

# UNITED STATES BANKRUPTCY APPELLATE PANEL
## OF THE NINTH CIRCUIT

| | |
|---|---|
| In re:<br>ANTONIO ALEJANDRO GUTIERREZ,<br>          Debtor. | BAP No. ID-21-1156-SGB<br><br>Bk. No. 19-00416-JMM |
| ANTONIO ALEJANDRO GUTIERREZ,<br>          Appellant,<br>v.<br>STATE OF OREGON, DEPARTMENT<br>OF CORRECTIONS,<br>          Appellee. | Adv. No. 20-06023-JMM<br><br>**MEMORANDUM**[*] |

Appeal from the United States Bankruptcy Court
for the District of Idaho
Joseph M. Meier, Chief Bankruptcy Judge, Presiding

Before: SPRAKER, GAN, and BRAND, Bankruptcy Judges.

## INTRODUCTION

Antonio Alejandro Gutierrez is a former chapter 7[1] debtor and is an

inmate at the Snake River Correctional Institution, run by the Oregon

Department of Corrections ("ODOC"). After he received his discharge and

---

[*] This disposition is not appropriate for publication. Although it may be cited for whatever persuasive value it may have, *see* Fed. R. App. P. 32.1, it has no precedential value, *see* 9th Cir. BAP Rule 8024-1.

[1] Unless specified otherwise, all chapter and section references are to the Bankruptcy Code, 11 U.S.C. §§ 101–1532.

1

his case was fully administered, Gutierrez filed a complaint stating two claims for relief. One claim challenged the method used by the ODOC to collect court filing fees he owed under 28 U.S.C. § 1915(b). The other claim concerned the dischargeability of those debts under § 523(a)(17).

The bankruptcy court first dismissed the dischargeability claim on the merits. The court then dismissed the sole surviving claim challenging ODOC's collection methods for lack of subject matter jurisdiction. Gutierrez has not appealed the dismissal of his dischargeability claim. He only has appealed the dismissal of his remaining claim.

Gutierrez insists that the bankruptcy court had "related to" jurisdiction over the claim regarding ODOC's collection methods. Alternately, he contends that the bankruptcy court should have exercised its discretion to "retain" jurisdiction over that claim. But the bankruptcy court never had any jurisdiction over this claim to retain.

Neither of Gutierrez's arguments on appeal have any merit. Accordingly, we AFFIRM.

**FACTS**

In April 2019, Gutierrez commenced his bankruptcy case by filing a voluntary chapter 7 petition. In August 2019, the bankruptcy court entered orders discharging debtor and closing Gutierrez's no-asset case. [2]

---

[2] We exercise our discretion to take judicial notice of documents electronically filed in Gutierrez's bankruptcy case and the related adversary proceeding. *See Atwood v. Chase Manhattan Mortg. Co. (In re Atwood)*, 293 B.R. 227, 233 n.9 (9th Cir. BAP 2003).

In October 2019, the bankruptcy court reopened the case at Gutierrez's request. The purpose of reopening the case was to permit the debtor to commence an adversary proceeding challenging the dischargeability of debts he owed for federal court filing fees he incurred under 28 U.S.C. § 1915(b). Under the statute, such fees are owed to the federal courts but typically are collected from an inmate's prisoner trust account by the applicable correctional institution. *See* 28 U.S.C. § 1915(b)(2). In this case, that institution was ODOC.

Gutierrez filed his adversary complaint seeking two forms of relief. First, he challenged the dischargeability of the federal court filing fees. He admitted in his complaint that his court fees were the type of debt that fell within the scope of § 523(a)(17), but he asserted that the statute should not be applied to his fees because none of the cases he filed were frivolous.

Second, Gutierrez challenged ODOC's method of collecting the fees. Gutierrez alleged that pursuant to 28 U.S.C. § 1915(b)(2), ODOC historically capped its collections at "20 percent of the preceding month's income credited to the prisoner's account" regardless of the number of cases for which the inmate owed filing fees. However, Gutierrez claimed that after he received his bankruptcy discharge, ODOC notified him for the first time that it would collect from his prisoner trust account 20% of his income per lawsuit filed, instead of 20% total regardless of the number of cases filed. According to Gutierrez, the changes in the ODOC's collection methods were both contractually and constitutionally prohibited.

The bankruptcy court partially granted ODOC's motion to dismiss the complaint. It dismissed Gutierrez's dischargeability claim but declined to dismiss the collection method claim, holding that this claim was not yet ripe for consideration.[3]

Gutierrez then filed a motion seeking entry of a default judgment against ODOC or alternately seeking entry of summary judgment on his surviving claim challenging ODOC's collection method. In support of his default judgment motion, Gutierrez asserted that ODOC had not timely complied with the court's directions regarding further proceedings in the adversary proceeding. As for his summary judgment motion, Gutierrez contended that he was entitled to judgment as a matter of law on his collection method claim.

ODOC opposed Gutierrez's motions and filed its own motion seeking to dismiss the remaining claim for lack of jurisdiction. ODOC in relevant part pointed out that Gutierrez's collection method claim would not have any conceivable effect on his no asset chapter 7 case. The bankruptcy case had been fully administered back in August 2019, well before Gutierrez commenced his adversary proceeding.

The bankruptcy court held a hearing on the parties' motions. The court determined that it lacked jurisdiction over the surviving claim

---

[3] Gutierrez has not challenged on appeal the dismissal of his dischargeability claim. In fact, he later admitted to the bankruptcy court that he "didn't think [the fees] were going to be discharged." Hr'g Tr. (June 21, 2021) at 4:5-7.

because the outcome would not affect Gutierrez's bankruptcy case or the bankruptcy estate. Based on that determination, the bankruptcy court held that it lacked jurisdiction to decide the collection method claim, denied Gutierrez's motions, and dismissed the adversary proceeding.

On June 24, 2021, the bankruptcy court entered its order dismissing the collection method claim and denying Gutierrez's motions for default judgment or for summary judgment. Gutierrez timely appealed.

## JURISDICTION

The bankruptcy court's jurisdiction is addressed in the discussion section, below. We have jurisdiction under 28 U.S.C. § 158.

## ISSUES

1. Did the bankruptcy court have jurisdiction over Gutierrez's collection method claim?

2. Did the bankruptcy court abuse its discretion by not retaining jurisdiction over the collection method claim?

## STANDARDS OF REVIEW

We review de novo whether the bankruptcy court had subject matter jurisdiction over Gutierrez's adversary proceeding. *Wilshire Courtyard v. Cal. Franchise Tax Bd. (In re Wilshire Courtyard)*, 729 F.3d 1279, 1284 (9th Cir. 2013); *Alonso v. Summerville (In re Summerville)*, 361 B.R. 133, 139 (9th Cir. BAP 2007).

5

We review for an abuse of discretion bankruptcy court decisions concerning retention of jurisdiction after case dismissal. *See Linkway Inv. Co. v. Olsen (In re Casamont Invs., Ltd.),* 196 B.R. 517, 521 (9th Cir. BAP 1996).

The bankruptcy court abuses its discretion when it applies an incorrect legal rule or when its factual findings are illogical, implausible, or without support in the record. *TrafficSchool.com, Inc. v. Edriver Inc.*, 653 F.3d 820, 832 (9th Cir. 2011).

## DISCUSSION

Gutierrez has asserted two arguments on appeal. First, he argues that the bankruptcy court had "related to" jurisdiction over his claim challenging ODOC's debt collection methods. And second, he argues that even if the bankruptcy court lacked "related to" jurisdiction over that claim, the court should have "retained" jurisdiction to determine whether ODOC was properly collecting the nondischargeable court fees.

Gutierrez acknowledges that the bankruptcy case was fully administered long before he filed his adversary proceeding. He also concedes that his claim regarding the dischargeability of the underlying debt already had been dismissed. Yet he insists the bankruptcy court should have exercised its discretion to keep and decide the collection method claim because the court was "almost finished" adjudicating the claim.

We address each of these arguments in turn.

6

**A. The bankruptcy court did not have subject matter jurisdiction over Gutierrez's collection method claim.**

"Bankruptcy courts have subject matter jurisdiction over proceedings 'arising under title 11, or arising in or related to cases under title 11.'" *In re Wilshire Courtyard*, 729 F.3d at 1285 (quoting 28 U.S.C. § 1334(b)). Gutierrez has conceded that his collection method claim did not arise under or arise in the Bankruptcy Code. However, as he notes, the bankruptcy court also has jurisdiction over "those proceedings that are 'related to' a bankruptcy case." *Montana v. Goldin (In re Pegasus Gold Corp.)*, 394 F.3d 1189, 1193 (9th Cir. 2005). The bankruptcy court typically has "related to" jurisdiction over the claims stated in an adversary proceeding when "the outcome could alter the debtor's rights, liabilities, options, or freedom of action (either positively or negatively) and which in any way impacts upon the handling and administration of the bankrupt estate." *Fietz v. Great W. Sav. (In re Fietz)*, 852 F.2d 455, 457 (9th Cir. 1988) (cleaned up) (quoting *Pacor, Inc. v. Higgins*, 743 F.2d 984, 994 (3d Cir. 1984)).

Notwithstanding the broad scope of "related to" jurisdiction, "bankruptcy courts have no jurisdiction over proceedings that have no effect on the estate of the debtor." *Celotex Corp. v. Edwards*, 514 U.S. 300, 308 & n.6 (1995). Once a chapter 7 bankruptcy estate has been fully administered, most new adversary proceedings brought after that point fall beyond the scope of "related to" jurisdiction precisely because there is no bankruptcy estate left for the new adversary proceeding to impact. *See, e.g.,*

7

*Holcomb v. Altagen (In re Holcomb)*, BAP No. CC-17-1268-KuTaS, 2018 WL 1976526, at *7 (9th Cir. BAP Apr. 25, 2018); *In re Ketscher*, Case No. 12-17088, 2014 WL 2615177, at *1-2 (Bankr. E.D. Cal. June 5, 2014); *Ng v. Sterling Pac. Lending, Inc. (In re Ng)*, Case No. 10-61392 RLE, 2011 WL 6133183, at *8 (Bankr. N.D. Cal. Dec. 8, 2011).[4]

Gutierrez's collection method claim had absolutely no impact on his fully administered and formerly closed bankruptcy case. He merely sought to invoke non-bankruptcy law to restrict or prohibit the manner in which ODOC collected a nondischargeable debt.

Gutierrez attempts to argue that the bankruptcy court's "related to" jurisdiction should be measured at an earlier time — before the full administration of his bankruptcy case. But the law is settled that jurisdiction is measured at the time the adversary proceeding is commenced. *See In re Casamont Invs., Ltd.*, 196 B.R. at 521 (citing *In re Fietz*, 852 F.2d at 457 at n.2).

In short, the bankruptcy court correctly determined that it did not have "related to" jurisdiction over the surviving collection method claim Gutierrez asserted in his adversary proceeding.

---

[4] There are exceptions to this rule. *See, e.g., McCowan v. Fraley (In re McCowan)*, 296 B.R. 1, 3–4 (9th Cir. BAP 2003); *see also* § 554(d) (providing that estate assets neither abandoned nor administered before closure of the case remain property of the estate). But none of these exceptions apply to Gutierrez's adversary proceeding.

**B.** **The bankruptcy court did not abuse its discretion by not retaining jurisdiction over the collection method claim.**

Gutierrez also argues that the bankruptcy court should have "retained" jurisdiction over his non-bankruptcy claim. *See* Aplt's Opn. Br. at 4-5. Citing *Rodriguez v. Volpentesta (In re Volpentesta)*, 187 B.R. 261, 270 (Bankr. N.D. Ill. 1995), he contends that the bankruptcy court was obligated to consider judicial economy, fairness and convenience to the parties, and the degree of difficulty of the related legal issue involved. *See also In re Casamont Invs., Ltd.*, 196 B.R. at 521.

These decisions consider whether to retain jurisdiction over an existing adversary case after the underlying bankruptcy case is dismissed. But Gutierrez's bankruptcy case was not dismissed. It was fully administered and closed well before he filed the adversary proceeding. *Casamont*, and similar cases, do not apply when the bankruptcy case has been fully disposed of **before** the adversary proceeding is commenced. *See Sea Hawk Seafoods, Inc. v. Alaska (In re Valdez Fisheries Dev. Ass'n)*, 439 F.3d 545, 547-49 (9th Cir. 2006). Because Gutierrez's bankruptcy was closed when he commenced his adversary proceeding, the bankruptcy court never had jurisdiction over the collection method claim. Put bluntly, there never was any jurisdiction over that claim for the court to retain, so it did not abuse its discretion by dismissing the claim.

Gutierrez seems to argue that the bankruptcy court should have considered retaining jurisdiction over the collection method claim because

9

it indisputably had jurisdiction over his dischargeability claim. Assuming without deciding that the bankruptcy court had the discretion to retain jurisdiction over the collection method claim based on some sort of theory of supplemental jurisdiction, Gutierrez has not persuaded us that the bankruptcy court abused that discretion. Applying the factors considered in *Casamont* as suggested by Gutierrez, the record abundantly demonstrates that dismissal was warranted. Litigants cannot manufacture bankruptcy jurisdiction over a non-bankruptcy claim by including that claim together with a specious bankruptcy claim well after the underlying bankruptcy case has been administered.

## CONCLUSION

For the reasons set forth above, we AFFIRM the bankruptcy court's adversary proceeding dismissal order.