**IN RE: Janine C. KIRK and Andrew M. Kirk, Sr., Debtors.**

**CASE NUMBER 14–42186**

United States Bankruptcy Court, N.D. Ohio.

Signed August 27, 2015

Brett Billec, Youngstown, OH, for Debtors.

**MEMORANDUM OPINION REGARDING DISBURSEMENT OF FUNDS HELD BY THE CHAPTER 13 TRUSTEE**

Kay Woods, United States Bankruptcy Judge

This Court is being asked to determine how funds held by the chapter 13 trustee

should be distributed when a case is dismissed prior to confirmation. Before the Court are two motions: (i) Motion for Order Authorizing Distribution of Funds on Deposit with Chapter 13 Trustee ("Trustee's Motion") (Doc. 41) filed by Michael A. Gallo, Standing Chapter 13 Trustee ("Trustee"), on June 23, 2015; and (ii) Motion for Order Instructing Trustee to Disperse [sic] Fees ("Counsel's Motion") (Doc. 42) filed by Brett Billec, Esq., counsel for Debtors Janine C. Kirk and Andrew M. Kirk, Sr., on June 24, 2015. Attached to Counsel's Motion at page two is Application for Fees.

On August 13, 2015, the Court held a hearing on the motions, at which appeared the Trustee and Mr. Billec. At the hearing, Mr. Billec requested the opportunity to file a brief in further support of his position, which the Court granted. On August 17, 2015, Mr. Billec filed Brief in Support of Motion for Order Instructing Trustee to Disburse Fees ("Brief") (Doc. 47).

The Trustee takes no position regarding distribution of the funds he is holding. Mr. Billec requests payment of post-petition attorney fees in the amount of $1,200.00 before the Trustee distributes the remaining funds. For the reasons set forth herein, the Court finds that Mr. Billec is entitled to payment of attorney fees in the amount of $1,000.00 as a § 503(b)(2)[1] administrative expense claim and that the remaining funds held by the Trustee are to be returned to the Debtors.

## I. BACKGROUND

The Debtors filed a voluntary petition pursuant to chapter 13 of the Bankruptcy Code on October 12, 2014. Despite the filing of a chapter 13 plan (Doc. 5) and modified chapter 13 plan (Doc. 16), a chapter 13 plan was never confirmed in this case. Nevertheless, the Debtors were required to make monthly plan payments to the Trustee pursuant to the proposed plans commencing ten days after the petition date. (See Am. Admin. Order No. 05–10 ¶ 1.)

On May 14, 2015, the Trustee filed Motion to Dismiss (Doc. 37) based on the failure of the Debtors to make required plan payments. After a hearing on the Motion to Dismiss, on June 3, 2015, the Court entered Order Dismissing Chapter 13 Case and Notice to Secured Creditors and Debtor's Counsel (Doc. 39).

At the time this case was dismissed, the Trustee held $3,606.84 in proposed plan payments contributed by the Debtors. (Trustee's Mot. ¶ 4.) Of the funds being held, $147.92 had accrued as adequate protection payments for Santander Consumer USA, Inc. ("Santander"), a secured creditor of the Debtors. (Id. ¶ 5.)

Although the Trustee takes no position regarding how the funds he possesses should be distributed, he postulates, without further analysis, that Harris v. Viegelahn, —— U.S. ——, 135 S.Ct. 1829, 191 L.Ed.2d 783 (2015), applies to this case.

Although the Harris case involved the post confirmation distribution of funds on hand with the Trustee at the time of the conversion of the debtor's case from a Chapter 13 to a Chapter 7 case, it would appear that the rationale of the Harris case would be applicable to the within proceedings.

(Trustee's Mot. ¶ 8.) Mr. Billec contends that Harris is not applicable because this case was dismissed rather than converted. (Br. at 1.) Instead, Mr. Billec states that § 1326(a)(2) dictates how funds are to be distributed if a chapter 13 case is dis-

1. All statutory references are to the Bankruptcy Code, 11 U.S.C. § 101, et seq.

missed prior to confirmation of a chapter 13 plan. (*Id.* at 1–2.)

## II. ANALYSIS

### A. Harris v. Viegelahn

■ In *Harris*, the Supreme Court of the United States found that plan payments made by a chapter 13 debtor from his or her post-petition wages and held by the trustee at the time a case is converted to chapter 7 must be returned to the debtor rather than distributed to creditors. The Supreme Court rejected the chapter 13 trustee's argument that, upon conversion, undisbursed funds must be distributed to creditors pursuant to §§ 1326(a)(2) and 1327(a).

When a debtor exercises his statutory right to convert, the case is placed under Chapter 7's governance, and no Chapter 13 provision holds sway. § 103(i) ("Chapter 13 . . . applies only in a case under [that] chapter."). Harris having converted the case, the Chapter 13 plan was no longer "bind[ing]." § 1327(a). And Viegelahn, by then the *former* Chapter 13 trustee, lacked authority to distribute "payment[s] in accordance with the plan." § 1326(a)(2); see § 348(e).

*Harris*, 135 S.Ct. at 1838. Referring to § 348(f)(1)(A), the Supreme Court stated, "A debtor's post-petition wages, including undisbursed funds in the hands of a trustee, ordinarily do not become part of the Chapter 7 estate created by conversion." [2] *Id.* at 1837. Because § 348(f)(1)(A) removes post-petition wages from the pool of assets that may be distributed to creditors in a case converted to chapter 7, "[a]llowing a terminated Chapter 13 trustee to disburse the very same earnings to the very same creditors is incompatible with that statutory design." *Id.*

■ The Court agrees with Mr. Billec that the holding in *Harris* does not apply in a chapter 13 case that has been dismissed. Specifically, the Supreme Court based its holding in *Harris* on § 348, which only governs conversion.[3] Unlike a case converted from chapter 13 to chapter 7, which is no longer governed by any chapter 13 provision,[4] certain provisions of chapter 13—*e.g.*, § 1326(a)(2)—statutorily and necessarily apply in a chapter 13 case that has been dismissed but not yet closed.

### B. Sections 349(b)(3) and 1326(a)(2)

Unlike conversion of a chapter 13 case, which is governed by § 348, dismissal of a

---

**2.** Section 348(f)(1)(A) states,
[ (f) ](1) Except [if the debtor converts his or her case in bad faith], when a case under chapter 13 of this title is converted to a case under another chapter under this title—
(A) property of the estate in the converted case shall consist of property of the estate, as of the date of the filing of the petition, that remains in the possession of or is under the control of the debtor on the date of conversion[.]
11 U.S.C. § 348(f)(1)(A)(2015). Because a debtor could not be in possession of post-petition wages on the petition date, such wages are not part of the chapter 7 estate following conversion.

**3.** Mr. Billec also argues that the Supreme Court's holding in *Harris* is not dispositive

because attorney fees were distributed to and retained by counsel following conversion in that case. (Br. at 1.) However, in *Harris*, the debtor's notice of conversion voluntarily assigned a portion of the funds held by the chapter 13 trustee to debtor's counsel as payment for attorney fees. *Viegelahn v. Harris (In re Harris)*, 757 F.3d 468, 471 (5th Cir. 2014), rev'd, —— U.S. ——, 135 S.Ct. 1829, 191 L.Ed.2d 783 (2015). Thus, the issue of whether attorney fees should be paid from funds held by the chapter 13 trustee at the time of conversion was never addressed.

**4.** Section 103(i) states, "Chapter 13 of this title applies only in a case under such chapter." 11 U.S.C. § 103(i) (2015).

chapter 13 case is governed by § 349. Section 349(b)(3) states, "(b) Unless the court, for cause, orders otherwise, a dismissal of a case other than under section 742 of this title— ... (3) revests the property of the estate in the entity in which such property was vested immediately before the commencement of the case under this title." 11 U.S.C. § 349(b)(3) (2015).

However, § 349 is not the only section of the Bankruptcy Code that is implicated when a chapter 13 case is dismissed. The Court must also look to § 1326(a), which provides, in pertinent part,

[a](1) Unless the court orders otherwise, the debtor shall commence making payments ... in the amount—

(A) proposed by the plan to the trustee;

* * *

(C) that provides adequate protection directly to a creditor holding an allowed claim secured by personal property. . . .

(2) A payment made under paragraph (1)(A) shall be retained by the trustee until confirmation or denial of confirmation. If a plan is confirmed, the trustee shall distribute any such payment in accordance with the plan as soon as is practicable. *If a plan is not confirmed, the trustee shall return any such payments not previously paid and not yet due and owing to creditors pursuant to paragraph (3) to the debtor, after deducting any unpaid claim allowed under section 503(b).*

(3) Subject to section 363, the court may, upon notice and a hearing, modify, increase, or reduce the payments required under this subsection pending confirmation of a plan.

* * *

11 U.S.C. § 1326(a) (2015) (emphasis added).

▮ While courts are divided on whether § 349(b)(3) or § 1326(a)(2) governs disbursement of funds held by a chapter 13 trustee upon dismissal, this Court finds that the specific directives in § 1326(a)(2) control over the general directive in § 349(b)(3). *Compare In re Inyamah,* 378 B.R. 183 (S.D.Ohio 2007) (finding that § 1326(a)(2) governs); *with In re Tesca,* 2000 WL 35485099, Case No. 05–66893, 2006 Bankr.LEXIS 3310 (Bankr.N.D.Ohio Nov. 28, 2006) (finding that § 349(b)(3) governs). Section 349(b)(3) generally requires that property of the estate be returned to the debtor upon dismissal [5]—*i.e.,* the party in whom the property was vested immediately before the commencement of the bankruptcy case. However, § 1326(a)(2) expressly dictates the manner in which a chapter 13 trustee should distribute plan payments if a chapter 13 plan is not confirmed prior to dismissal.

▮ As explained by the Bankruptcy Appellate Panel for the First Circuit,

[O]nce the bankruptcy petition is dismissed and the estate terminates, § 349(b)(3) provides that the former property of the bankruptcy estate revests in the entity which held the property prior to the commencement of the case. *See* 11 U.S.C. § 349(b)(3). Moreover, § 1326(a)(2) provides that post-petition funds received by the Chapter 13 trustee should be returned to the debtor if the case is dismissed prior to confirmation. *See* 11 U.S.C. § 1326(a)(2). Reading these two sections together, it is clear that upon dismissal of a Chapter 13 case, funds held by the Chapter 13 trustee are generally revested to the debtor and no longer protected by the automatic stay.

---

5. Section 349(b) permits the Court, for cause, to order otherwise. 11 U.S.C. § 349(b).

It is important to note, however, that although the revesting provisions of § 349 and § 1326(a)(2) would place the subject funds back in the hands of the Debtor, the revestment is not immediate or automatic. Section 1326(a)(2) states that administrative expenses allowed pursuant to § 503(b) are to be paid out of the funds on hand if the plan is not confirmed. *See* 11 U.S.C. § 1326(a)(2). Therefore, before the funds may be returned to the debtor, the Chapter 13 trustee must complete the administration of the case, including making payments for expenses related to the administration of the estate. [*In re Doherty,*] 229 B.R. [461, 464 (Bankr. E.D.Wash.1999).]

*Mass. v. Pappalardo (In re Steenstra),* 307 B.R. 732, 738 (1st Cir. BAP 2004) (n.3 omitted).

Furthermore, unlike the express provision in § 348(e) that a chapter 13 trustee's services terminate immediately upon conversion, § 349 contains no such provision upon dismissal.[6] Instead, upon dismissal, the chapter 13 trustee is required to distribute undisbursed plan payments in accordance with § 1326(a)(2) to complete administration of the bankruptcy estate.

### 1. Attorney Fees

█ Pursuant to § 1326(a)(2), Mr. Billec may be entitled to payment of his attorney fees prior to disbursement of the undistributed plan payments to the Debtors, but only if the fees constitute a § 503(b) administrative expense claim. Section 503(b)(2) states, "(b) After notice and a hearing, there shall be allowed administrative expenses, other than claims allowed under section 502(f) of this title, including—... (2) compensation and reimbursement awarded under section 330(a) of this title[.]" 11 U.S.C. § 503(b)(2) (2015). In turn, § 330(a)(4)(B) states,

In a chapter 12 or chapter 13 case in which the debtor is an individual, the court may allow reasonable compensation to the debtor's attorney for representing the interests of the debtor in connection with the bankruptcy case based on a consideration of the benefit and necessity of such services to the debtor and the other factors set forth in this section.

11 U.S.C. § 330(a)(4)(B) (2015).

Prior to the petition date, Mr. Billec received $500.00 from the Debtors for legal services and deferred the remaining $3,500.00 of the agreed-upon attorney fees to be paid through the Debtors' chapter 13 plan. (Counsel's Mot. ¶ 1.) Mr. Billec requests attorney fees in the amount of $1,200.00 based on his representation that he "provided some agreed-upon legal services in this case for the attorney fees that were deferred into the Chapter 13 plan." (*Id.* ¶ 3.) The Application for Fees attached to Counsel's Motion includes a breakdown for six hours of "legal services post-filing" at a "contracted hourly fee: $200.00."[7] (App. for Fees at 1.) Mr. Billec's post-

---

6. Section 348(e) states, "Conversion of a case under section ...1307 of this title terminates the service of any trustee or examiner that is serving in the case before such conversion." 11 U.S.C. § 348(e).

7. Although Mr. Billec requests attorney fees for "legal services post-filing," one hour of time billed—*i.e.,* $200.00 in requested attorney fees—is attributed to "[r]eview of petition with debtors and attendance at the meeting of creditors" on "4/30/2014," which was prior to the petition date. (App. for Fees ¶ 1.) Because, on its face, this fee entry is for prepetition services, the Court will not allow Mr. Billec attorney fees for the fee entry dated 4/30/2014. The Court notes that this fee entry is internally inconsistent because it includes attendance at the meeting of creditors, which was first held on December 3, 2014.

petition services during this case entailed (i) filing an objection to claim; (ii) preparing and filing the modified chapter 13 plan and attending two hearings with respect thereto; (iii) reviewing an agreed order increasing the dividend to unsecured creditors; (iv) discussing with the Debtors the turnover of their tax returns; and (v) attending two dismissal hearings. The Court finds that each of these services (i) benefited the Debtors; (ii) was necessary; and (iii) was to be compensated from the deferred attorney fees to be paid through the chapter 13 plan.

For the reasons set forth above, the Court will grant Counsel's Motion and the Application for Fees attached thereto, in part, to the extent Mr. Billec requests $1,000.00 in post-petition attorney fees. Therefore, Mr. Billec has an allowed administrative expense claim pursuant to § 503(b)(2) in the amount of $1,000.00. Accordingly, the Trustee is required pursuant to § 1326(a)(2) to distribute $1,000.00 to Mr. Billec as payment for attorney fees prior to disbursing any remaining funds.

### 2. Adequate Protection Payments

■ The Trustee also requests the Court to determine the disposition of the $147.92 he is holding as accrued adequate protection payments to Santander. The Court finds that this amount should be

returned to the Debtors because the funds that accrued for the benefit of Santander do not come within one of the two exceptions specified in § 1326(a)(2).[8] First, Santander's claim is not an administrative expense claim within § 503(b). In addition, the accrued adequate protection payments are not "payments not previously paid and not yet due and owing to creditors" pursuant to § 1326(a)(3). 11 U.S.C. § 1326(a)(2). "Section 1326(a)(3) permits the court, after notice and a hearing, to modify, increase, or reduce the payments required under section 1326(a), which would include payments to the trustee, payments to personal property lessors, or adequate protection payments to holders of allowed claims secured by personal property." COLLIER ON BANKRUPTCY, 8–1326 at 1326.02 (16th Ed.2015). Section 1326(a)(3) allows a party to seek modification of a chapter 13 plan, which includes seeking a court order requiring adequate protection payments. However, Santander did not request such relief in this 8 * * 11 case.[9] Accordingly, the amount accrued for the benefit of Santander cannot be treated differently from the remainder of the funds held by the Trustee.

### 3. Policy Considerations

■ This Court is aware that the Supreme Court's ruling in *Harris* and the statutory mandate in § 1326(a)(2) create

---

**8.** In Amended Administrative Order No. 05–10, this Court ordered debtors to make adequate protection payments to the chapter 13 trustee, rather than "directly to a creditor holding an allowed claim secured by personal property[.]" 11 U.S.C. § 1326(a)(1)(C). Amended Administrative Order No. 05–10 constitutes an order whereby the Court "order[ed] otherwise," as set forth in § 1326(a)(1).

**9.** Amended Administrative Order No. 05–10 directs the chapter 13 trustee to pay a secured creditor "the amount of the adequate protection payments accrued on its allowed claim"

within thirty (30) days after the creditor files a proof of claim or confirmation of the debtor's plan, whichever is later. (Am. Admin. Order No. 05–10 ¶ 3.) However, a secured creditor may request an alternative payment schedule by motion: "[T]he within provisions with respect to payment to the Trustee and adequate protection payments to secured creditors are without prejudice to the right of any secured creditor . . . , upon specific motion, to request an amendment or modification of the within Administrative Order as may be deemed necessary and appropriate." (*Id.* at 3.)

the seemingly inequitable circumstance that allows debtor's counsel to receive payment for attorney fees from the funds held by the chapter 13 trustee upon dismissal prior to confirmation, but not upon conversion. However, despite this anomaly, no other result is permissible pursuant to the Bankruptcy Code. This creates the unfortunate circumstance where it could be in the best interest of debtor's counsel if a chapter 13 debtor dismissed his or her case and subsequently filed a chapter 7 case, rather than converted his or her case to chapter 7. Any counsel who advises his or her client to take such a course of action solely to collect attorney fees could potentially commit professional misconduct. This Court is confident, however, that the practitioners who appear before it will continue to fulfill their ethical and professional obligations by considering the interests of their clients over their own.

### III.  CONCLUSION

Pursuant to its express terms, § 1326(a)(2) governs the disbursement of undistributed plan payments upon dismissal if a chapter 13 plan has not been confirmed. Following such disbursement, undistributed plan payments are to be returned to the debtor pursuant to §§ 349(b)(3) and 1326(a)(2). Because the Court has granted Counsel's Motion and the Application for Fees attached thereto, in part, Mr. Billec has an allowed § 503(b) administrative expense claim in the amount of $1,000.00. Pursuant to § 1326(a)(2), the Trustee is required to disburse that amount to Mr. Billec prior to returning all remaining funds to the Debtors. This holding resolves the Trustee's Motion.

An appropriate order will follow.

**IT IS SO ORDERED.**

**ORDER REGARDING DISBURSE-MENT OF FUNDS HELD BY THE CHAPTER 13 TRUSTEE**

This Court has determined how funds held by the chapter 13 trustee should be distributed when a case is dismissed prior to confirmation. Before the Court are two motions: (i) Motion for Order Authorizing Distribution of Funds on Deposit with Chapter 13 Trustee (Doc. 41) filed by Michael A. Gallo, Standing Chapter 13 Trustee ("Trustee"), on June 23, 2015; and (ii) Motion for Order Instructing Trustee to Disperse [sic] Fees ("Counsel's Motion") (Doc. 42) filed by Brett Billec, Esq., counsel for Debtors Janine C. Kirk and Andrew M. Kirk, Sr., on June 24, 2015. Attached to Counsel's Motion at page two is Application for Fees.

On August 13, 2015, the Court held a hearing on the motions, at which appeared the Trustee and Mr. Billec. At the hearing, Mr. Billec requested the opportunity to file a brief in further support of his position, which the Court granted. On August 17, 2015, Mr. Billec filed Brief in Support of Motion for Order Instructing Trustee to Disburse Fees (Doc. 47).

For the reasons set forth in the Court's Memorandum Opinion Regarding Disbursement of Funds Held by the Chapter 13 Trustee entered on this date, the Court hereby finds that:

1. When a chapter 13 case is dismissed prior to confirmation of a plan, the chapter 13 trustee is required to disburse undistributed plan payments in accordance with § 1326(a)(2);

2. Following such disbursement, any remaining plan payments are to be returned to the debtor in accordance with §§ 349(b)(3) and 1326(a)(2); and

3. Mr. Billec has an allowed administrative expense claim pursuant to

§ 503(b)(2) in the amount of $1,000.00.

Accordingly, the Court hereby:

A. Grants Counsel's Motion and the Application for Fees attached thereto, in part, to the extent Mr. Billec requests $1,000.00 in post-petition attorney fees as a § 503(b) administrative expense claim; and

B. Orders the Trustee to distribute $1,000.00 to Mr. Billec as payment for post-petition attorney fees prior to disbursing any remaining funds to the Debtors. Such disbursements shall occur no later than fourteen (14) days after entry of this Order.