**Corey R. WHEATON, Debtor.**

**Jeffrey P. White and Associates, P.C., Appellant,**

v.

**Peter C. Fessenden, Chapter 13 Trustee, Appellee.**

**BAP NO. EP 15–043**

**Bankruptcy Case No. 12–21291–PGC**

United States Bankruptcy Appellate Panel of the First Circuit.

April 14, 2016

---

Jeffrey P. White, Esq., on brief for Appellant.

Peter C. Fessenden, Chapter 13 Trustee, on brief for Appellee.

Before Boroff, Godoy, and Finkle, United States Bankruptcy Appellate Panel Judges.

Boroff, U.S. Bankruptcy Appellate Panel Judge.

Jeffrey P. White and Associates, P.C. ("Attorney White") appeals from the bankruptcy court's July 16, 2015 order (the "Vacating Order"), vacating its June 8, 2015 order on a motion for a review of attorney's fees filed by Peter C. Fessenden, Esq., Chapter 13 Trustee (the "Trustee"). For the reasons set forth below, we **REVERSE** the Vacating Order and **REMAND** the matter to the bankruptcy court for entry of an order consistent with this opinion.

## BACKGROUND

### A.  The Bankruptcy Case

On October 16, 2012, Corey R. Wheaton (the "Debtor") filed a petition under chapter 13 of the Bankruptcy Code,[1] together

---

1.  Unless expressly stated otherwise, all refer-   ences to "Bankruptcy Code" or to specific

with his schedules, statements and a chapter 13 plan. He has been represented by Attorney White at all relevant times prior to the issuance of the Vacating Order.

During the course of his case, the Debtor filed two amended plans. Numerous parties objected to those plans, and neither was ever confirmed. On February 28, 2014, the Trustee filed a motion to dismiss the case alleging that the Debtor had failed to make certain payments under the Debtor's most recent unconfirmed plan.[2] The Debtor opposed the motion, arguing that he would recommence making payments and cure any existing defaults over the remaining life of his plan through a plan modification. But the Debtor did not file another amended plan.

By April of 2014, the Trustee grew tired of waiting. On April 8, he filed a motion requesting a status conference and a scheduling order to address the stagnation of the case. The bankruptcy court granted the motion, ordering the Debtor to: (a) "notice and schedule a status conference . . . on the status and progress of confirmation;" (b) consult with the Trustee and those parties objecting to confirmation; and (c) "file a proposed form of scheduling order for the prompt prosecution of final confirmation" of the plan. The Debtor failed to comply, and on June 4, 2014, the bankruptcy court responded to the Debtor's moribund behavior by issuing an order to show cause why the case should not be dismissed for failure to prosecute.

On June 11, 2014, the bankruptcy court held a hearing on, among other things, the Trustee's motion to dismiss and the order

to show cause. And the next day, the bankruptcy court entered an order warning that the case would be dismissed in 14 days unless the Debtor converted the case "to a more appropriate chapter." The order also provided that "[i]f the case [were] dismissed . . . the court [would] expressly retain[ ] jurisdiction over any funds held by the trustee for the purpose of acting upon any application for fees for the debtor['s] attorney or other professionals employe[d] by the estate." The Debtor failed to seek conversion of the case to any other chapter of the Bankruptcy Code, and, on June 27, 2014, the bankruptcy court entered an order dismissing the case.

## B. The Fee Applications

Attorney White filed his first application for compensation on November 13, 2013, seeking $5,709.75 in attorney's fees and $188.14 in expenses for the period of February 6, 2012, through November 7, 2013. No party objected, and on December 17, 2013, the bankruptcy court granted the application without a hearing ("2013 Fee Award").

Attorney White filed a further and final application for compensation on June 25, 2014, seeking $4,062.00 in attorney's fees and $65.04 in expenses for the period of November 8, 2013, through June 25, 2014. No party objected, and on July 29, 2014, the bankruptcy court granted the final application without a hearing ("2014 Fee Award"). The bankruptcy court authorized the Trustee to disburse the 2014 Fee Award to Attorney White to the extent of available funds. It also ordered the Trustee to disburse to Attorney White

---

statutory sections shall be to the Bankruptcy Reform Act of 1978, as amended, 11 U.S.C. §§ 101, *et seq.*

2. Section 1326(a)(1) provides in relevant part: Unless the court orders otherwise, the debtor shall commence making payments not

later than 30 days after the date of the filing of the plan or the order for relief, whichever is earlier, in the amount—

  (A) proposed by the plan to the trustee;

. . .

11 U.S.C. § 1326(a)(1).

$2,816.89 in outstanding fees due under the 2013 Fee Award.

## C. Subsequent Events

On August 13, 2014, the Trustee paid the $2,816.89 in outstanding fees due under the 2013 Fee Award to Attorney White, and refunded $7,596.91 to the Debtor. That was a mistake. The Trustee inadvertently overlooked the 2014 Fee Award and, therefore, did not pay it to Attorney White before returning funds to the Debtor.[3] Although Attorney White and the Trustee attempted to recover the disbursed funds from the Debtor, those efforts proved futile.

On January 26, 2015, the Trustee filed his Final Report and Account ("Final Report") showing that he had distributed $4,297.89 to Attorney White and $7,596.91 to the Debtor. The Final Report did not reflect the 2014 Fee Award. Attorney White objected to the Final Report, maintaining that the Trustee had an obligation to pay the 2014 Fee Award before he returned funds to the Debtor, and the bankruptcy court should not approve the Final Report until the Trustee corrected his error.

On March 31, 2015, the Trustee filed a Motion for Turnover seeking to recover the $7,596.91 refunded to the Debtor so that he could pay the 2014 Fee Award to Attorney White. However, the Trustee also attempted to resolve the matter by a different tack. He filed a Motion for Review of Fees seeking bankruptcy court review of the two fee applications filed by

Attorney White and a reduction of the 2013 and 2014 Fee Awards. The Trustee did not offer any basis for why he was entitled to seek reconsideration of those awards and Attorney White objected, in part, on the ground that the period for appealing the 2014 Fee Award had long since passed. There followed settlement conference with the bankruptcy judge which resulted in an agreement on a stipulation for the disposition of the Motion for Review of Fees. And on June 8, 2015, the bankruptcy court, pursuant to that stipulation, entered an Order on Trustee's Motion for Review of Fees (the "Review of Fees Order"), reducing the amount of unpaid fees due to Attorney White to $3,000.00, and directing the Trustee to pay that amount. It is undisputed that the Trustee paid $3,000.00 to Attorney White in accordance with that order.

On June 24, 2015, the bankruptcy court held a hearing on the Motion for Turnover and the Trustee's Final Report. At that hearing, the parties and the bankruptcy court discussed whether, in light of the U.S. Supreme Court's ruling in *Harris v. Viegelahn*, —— U.S. ——, 135 S.Ct. 1829, 191 L.Ed.2d 783 (2015),[4] the Trustee had the obligation all along to refund all monies in his possession to the Debtor upon dismissal of the case, rather than first paying the allowed attorney's fees to Attorney White, and if so, whether Attorney White ought to return the $3,000.00 in attorney's fees received from the Trustee under the Review of Fees Order. Decid-

---

**3.** The Trustee asserted that he returned the funds to the Debtor pursuant to § 349(b)(3), which provides that upon dismissal of a case, property of the estate vests in the entity in which it was vested prior to the petition date. He acknowledged, however, that his usual practice is to pay counsel any outstanding legal fees granted by court order before making any refund to the debtor, and that he neglected to do that in this case.

**4.** As discussed later, in *Harris*, the Supreme Court held that when a chapter 13 case is converted to chapter 7 post-confirmation, the post-petition wages of the debtor held by the chapter 13 trustee must be returned to the debtor and not distributed to creditors. *Id.* at 1837.

ing that it needed more time to consider the issue, the bankruptcy court continued the hearing to July 8, 2015.

After the July 8, 2015 hearing, the bankruptcy court issued the following orders: (1) a minute order denying the Motion for Turnover; and (2) a minute order overruling Attorney White's objection to the Final Report.[5] Thereafter, on July 16, 2015, the bankruptcy court entered the Vacating Order, which provided as follows:

> This matter came before the Court on Trustee's motion for review of fees previously awarded to Jeffrey P. White and Associates, P.C. (Docket Entry "DE" 111). By agreement of the parties, that motion was granted on June 8, 2015 (DE 123) to partially settle a dispute over the Trustee's payment of monies held by him to the Debtor after this case was dismissed, including monies that would ordinarily be paid to Debtor's counsel pursuant to an approved application for compensation. In light of the ruling in *Harris v. Viegelahn* [ ] and the ongoing dispute between the parties, including the Debtor, the order appearing at DE 123 [Review of Fees Order] is HEREBY VACATED. Further, the Trustee's Motion for Reviewing [sic] Fees is DENIED.

The bankruptcy court did not, however, order Attorney White to turn over the $3,000.00 he received from the Trustee pursuant to the Review of Fees Order. On July 30, 2015, Attorney White filed a notice of appeal of the Vacating Order.

Thereafter, on September 9, 2015, the bankruptcy court held a hearing on the Trustee's Final Report. The next day, the bankruptcy court entered a minute order as follows: "Final Report APPROVED; Order to enter." On September 14, 2015,

the court entered on the docket an amended minute order as follows: "Final Report and Account APPROVED; Final Decree to await outcome of pending appeal. (Amended—Order will not enter at this time)."

On October 16, 2015, the Trustee filed a motion seeking to dismiss this appeal, arguing that the bankruptcy court had approved the Final Report and the approval was final, and, therefore, any issues in this appeal are moot as the Panel cannot afford Attorney White any effective relief. In an order dated November 6, 2015, the Panel denied the motion to dismiss, determining that the bankruptcy court had not finally approved the Final Report.

### *JURISDICTION*

■ We have jurisdiction to hear appeals from final judgments, orders, and decrees of the bankruptcy court. 28 U.S.C. § 158(a)(1). A final order is one that finally decides all the issues pertaining to a discrete dispute within the larger proceeding. *See Pinpoint IT Servs., LLC v. Rivera (In re Atlas IT Exp. Corp.)*, 761 F.3d 177, 182 (1st Cir.2014) (citations omitted); *Morse v. Rudler (In re Rudler)*, 576 F.3d 37, 43 (1st Cir.2009) (citing *Perry v. First Citizens Fed. Credit Union (In re Perry)*, 391 F.3d 282, 285 (1st Cir.2004)). An order denying reconsideration is a final order if the underlying order was final and the two orders end the litigation on the merits. *Schwartz v. Schwartz (In re Schwartz)*, 409 B.R. 240, 245 (1st Cir. BAP 2008) (citation omitted).

■ By the Motion for Review of Fees, the Trustee effectively sought reconsideration of the 2013 and 2014 Fee Awards, which Attorney White opposed. In the

---

5. The order refers to the Debtor's objection. The only objection to the Final Report, however, was the one Attorney White filed. The

bankruptcy court docket reflects that the Debtor did not participate in any proceedings related to Attorney White's fees.

Review of Fees Order, the bankruptcy court approved a settlement of the dispute, but it thereafter vacated that order and denied the underlying motion. By the Vacating Order, the bankruptcy court did not disturb the 2013 and 2014 Fee Awards. Because those orders are final and the disposition of those orders and the Vacating Order end the litigation on the merits, the Vacating Order is a final order.

■■ Before we continue, however, we must consider whether there is an additional jurisdictional pitfall. The First Circuit has repeatedly cautioned that "standing to appeal from a final bankruptcy court order is accorded only to a 'person aggrieved.' . . . The 'person aggrieved' paradigm, which delimits appellate jurisdiction even more stringently than the doctrine of Article III standing, . . . bestows standing only where the challenged order directly and adversely affects an appellant's pecuniary interests." *Spenlinhauer v. O'Donnell*, 261 F.3d 113, 117–18 (1st Cir.2001) (citations omitted) (footnote omitted).

Again, by the Motion for Review of Fees, the Trustee sought a reduction of the 2013 and 2014 Fee Awards. By the Vacating Order, the bankruptcy court denied his Motion for Review of Fees, leaving those two final fee orders untouched. The Trustee satisfied the 2013 Fee Award in full, but only satisfied the 2014 Fee Award via the Review of Fees Order which the court vacated with the order on appeal. Although the Trustee paid Attorney White $3,000.00, the bankruptcy court has not ordered Attorney White to turn it over to the Trustee and, therefore, he has retained the money. Thus, it appears likely that if the bankruptcy court is asked to clarify the Vacating Order, it would rule either that Attorney White must turn over the $3,000.00 or that he is not entitled to an

order enforcing the outstanding 2014 Fee Award. For this reason, we conclude that Attorney White is a person aggrieved, and has standing to appeal.

## STANDARD OF REVIEW

■■ We review a bankruptcy court's findings of fact for clear error and its conclusions of law de novo. *See Lessard v. Wilton–Lyndeborough Coop. Sch. Dist.*, 592 F.3d 267, 269 (1st Cir.2010). We review an order denying a motion for reconsideration for manifest abuse of discretion. *Ross v. Garcia (In re Garcia)*, 532 B.R. 173, 181 (1st Cir. BAP 2015) (citing *Ruiz Rivera v. Pfizer Pharms., LLC*, 521 F.3d 76, 81 (1st Cir.2008)). "A court abuses its discretion if it does not apply the correct law or if it rests its decision on a clearly erroneous finding of material fact." *De Jounghe v. Lugo Mender (In re De Jounghe)*, 334 B.R. 760, 765 (1st Cir. BAP 2005) (citation omitted). In the present case, the bankruptcy court rendered its decision based on the Supreme Court's ruling in *Harris*. We must, therefore, consider whether the bankruptcy court applied the correct law.

## DISCUSSION

■ Attorney White alleges the bankruptcy court erred in vacating the Review of Fees Order in light of the ruling in *Harris*, because *Harris* does not apply. Indeed, the Trustee concurs with Attorney White's position.[6] Thus, we must consider whether the Supreme Court's ruling in *Harris*, requiring a chapter 13 trustee to return funds to the debtor upon conversion of a case to chapter 7, extends to a pre-confirmation dismissal of a case.

In *Harris*, the Supreme Court found that plan payments made by a chapter 13

---

**6.** The Trustee filed a statement in lieu of a brief in which he stated that "he concurs with

the position asserted by the appellant Jeffrey P. White and Associates, P.C."

debtor from his or her post-petition wages and held by the chapter 13 trustee at the time a case is converted to chapter 7 must be returned to the debtor rather than distributed to creditors. 135 S.Ct. at 1835. The Supreme Court rejected the chapter 13 trustee's argument that, upon conversion, undisbursed funds must be distributed to creditors pursuant to §§ 1326(a)(2) and 1327(a).

> When a debtor exercises his statutory right to convert, the case is placed under Chapter 7's governance, and no Chapter 13 provision holds sway. § 103(i) ("Chapter 13 ... applies only in a case under [that] chapter."). Harris having converted the case, the Chapter 13 plan was no longer "bind[ing]." § 1327(a). And Viegelahn, by then the *former* Chapter 13 trustee, lacked authority to distribute "payment[s] in accordance with the plan." § 1326(a)(2); *see* § 348(e).

*Id.* at 1838. Referring to § 348(f)(1)(A), the Supreme Court stated: "A debtor's postpetition wages, including undisbursed funds in the hands of a trustee, ordinarily do not become part of the Chapter 7 estate created by conversion." *Id.* at 1837. Because § 348(f)(1)(A) removes post-petition wages from the pool of assets that may be distributed to creditors in a case converted to chapter 7, "[a]llowing a terminated

Chapter 13 trustee to disburse the very same earnings to the very same creditors is incompatible with that statutory design." *Id.* The Supreme Court further held that § 348(e) terminates the services of a chapter 13 trustee, including the disbursement of payments to creditors under § 1326(c), when a case is converted from chapter 13 to chapter 7. *Id.* at 1838. Therefore, "[t]he moment a case is converted from Chapter 13 to Chapter 7 ... the Chapter 13 trustee is stripped of authority to provide [the disbursement of payments to creditors]." *Id.* (citation omitted).

The Supreme Court based its holding on § 348, which only governs conversion. The present case did not involve a conversion; it was a pre-confirmation dismissal of the case. Unlike a case converted from chapter 13 to chapter 7, which is no longer governed by any chapter 13 provision, certain provisions of chapter 13 continue to apply in a chapter 13 case that has been dismissed, but not yet closed. If a case has not been confirmed or converted, the trustee's services are not terminated under § 348(e), and the trustee still has authority to disburse funds pursuant § 1326(a)(2). Thus, a majority of courts have held that the *Harris* holding does not apply in a chapter 13 case that has been dismissed prior to confirmation.[7] *See, e.g., In re*

---

7. Some courts have made a distinction between pre- and post-confirmation dismissals when considering how funds held by the trustee should be disbursed upon dismissal. While the majority of courts have held that *Harris* does not apply in a chapter 13 case that has been dismissed prior to confirmation, there is a split of authority regarding the disposition of undistributed funds held by a chapter 13 trustee at the dismissal of a *confirmed* chapter 13 case. A number of courts, both pre- and post-*Harris,* have held that § 349(b)(3) mandates that undistributed plan payments must be returned to the debtor following the post-confirmation dismissal of a chapter 13 case. *See, e.g., In re Edwards,* 538

B.R. 536, 541 (Bankr.S.D.Ill.2015); *In re Hamilton,* 493 B.R. 31, 37–46 (Bankr. M.D.Tenn.2013); *Williams v. Marshall (In re Williams),* 488 B.R. 380, 386–87 (Bankr. N.D.Ill.2013), *aff'd,* 526 B.R. 695 (N.D.Ill. 2014). Other courts have disagreed, based on either: (a) the view that the creditor's rights in the funds vested under the confirmed plan once the debtor delivered the payment to the trustee; or (b) the exercise of the discretion afforded the court under § 349(b)(3). *See, e.g., In re Darden,* 474 B.R. 1, 13–14 (Bankr. D.Mass.2012); *In re Hufford,* 460 B.R. 172, 176 (Bankr.N.D.Ohio 2011). We decline to take a position on whether this distinction between pre-confirmation dismissal and post-

*Hightower,* No. 14–30452–EJC, 2015 WL 5766676, at \*5 (Bankr.S.D.Ga. Sept. 30, 2015) (holding *Harris* did not apply because "case was neither confirmed, nor converted to Chapter 7"); *In re Ikegwu,* No. 14–17637–DER, 2015 WL 5608357, 2015 Bankr.LEXIS 3217 (Bankr.D.Md. Sept. 23, 2015); *In re Kirk,* 537 B.R. 856, 859 (Bankr.N.D.Ohio 2015) (stating that *Harris* did not apply because chapter 13 case was dismissed rather than converted, and § 1326(a)(2) dictated how funds were to be distributed in cases that are dismissed prior to plan confirmation); *In re Brandon,* 537 B.R. 231, 235 (Bankr.D.Md. 2015) (stating that "[a] case dismissed prior to confirmation of a Chapter 13 plan presents a situation entirely different from *Harris*"; thus, *Harris* does not preclude payment by a chapter 13 trustee of allowed compensation of debtor's counsel in cases that are dismissed prior to confirmation of the chapter 13 plan); *In re Ulmer,* No. 15–30220, 2015 WL 3955258, \*1 (Bankr.W.D.La. June 26, 2015) ("[T]his Court finds *Harris* applies only in the instance of conversion and does not abrogate [ ] § 1326(a)(2).") (citation omitted). Thus, §§ 349(b)(3) and 1326(a)(2) govern the trustee's disbursement of funds in a chapter 13 case that has been dismissed pre-confirmation, but not yet closed.

Unlike conversion of a chapter 13 case, which is governed by § 348, dismissal of a chapter 13 case is governed by § 349. Section 349(b)(3) provides: "Unless the court, for cause, orders otherwise, a dismissal of a case other than under section 742 of this title ... revests the property of the estate in the entity in which such property was vested immediately before the commencement of the case under this title." 11 U.S.C. § 349(b)(3). However, § 349 is not the only section of the Bank-ruptcy Code that is implicated when a chapter 13 case is dismissed. The court must also consider § 1326(a), which provides, in pertinent part:

(1) Unless the court orders otherwise, the debtor shall commence making payments ... in the amount—

(A) proposed by the plan to the trustee;

. . .

(C) that provides adequate protection directly to a creditor holding an allowed claim secured by personal property....

(2) A payment made under paragraph (1)(A) shall be retained by the trustee until confirmation or denial of confirmation. If a plan is confirmed, the trustee shall distribute any such payment in accordance with the plan as soon as is practicable. If a plan is not confirmed, *the trustee shall return any such payments not previously paid and not yet due and owing to creditors pursuant to paragraph (3) to the debtor, after deducting any unpaid claim allowed under section 503(b).*

. . .

11 U.S.C. § 1326(a) (emphasis supplied).

The Panel has addressed the interplay between §§ 349(b)(3) and 1326(a)(2) upon dismissal in the pre-*Harris* case of *Massachusetts v. Pappalardo (In re Steenstra),* 307 B.R. 732 (1st Cir. BAP 2004). In *Steenstra,* the Panel stated:

[O]nce the bankruptcy petition is dismissed and the estate terminates, § 349(b)(3) provides that the former property of the bankruptcy estate revests in the entity which held the property prior to the commencement of the case. *See* 11 U.S.C. § 349(b)(3). Moreover, § 1326(a)(2) provides that post-petition funds received by the Chapter 13

confirmation dismissal in a chapter 13 case affects the outcome as the issue is not square-

ly before us because the plan in this case was never confirmed.

trustee should be returned to the debtor if the case is dismissed prior to confirmation. *See* 11 U.S.C. § 1326(a)(2). Reading these two sections together, it is clear that upon dismissal of a Chapter 13 case, funds held by the Chapter 13 trustee are generally revested to the debtor and no longer protected by the automatic stay.

It is important to note, however, that although the revesting provisions of § 349 and § 1326(a)(2) would place the subject funds back in the hands of the Debtor, the revestment is not immediate or automatic. Section 1326(a)(2) states that administrative expenses allowed pursuant to § 503(b) are to be paid out of the funds on hand if the plan is not confirmed. *See* 11 U.S.C. § 1326(a)(2). Therefore, before the funds may be returned to the debtor, the Chapter 13 trustee must complete the administration of the case, including making payments for expenses related to the administration of the estate. *[In re] Doherty*, 229 B.R. [461,] 464 [ (Bankr.E.D.Wash.1999) ].

*Id.* at 738 (footnote omitted).

Pursuant to § 1326(a)(2), a debtor's attorney is entitled to payment of attorney's fees prior to disbursement of the undistributed plan payments to the debtor, if the fees constitute a § 503(b) administrative expense claim. Section 503(b)(2) provides: "After notice and a hearing, there shall be allowed administrative expenses, other than claims allowed under section 502(f) of this title, including . . . compensation and reimbursement awarded under section 330(a) of this title[.]" 11 U.S.C. § 503(b)(2). Section § 330(a)(4)(B), in turn, provides:

> In a chapter 12 or chapter 13 case in which the debtor is an individual, the court may allow reasonable compensation to the debtor's attorney for representing the interests of the debtor in connection with the bankruptcy case based on a consideration of the benefit and necessity of such services to the debtor and the other factors set forth in this section.

11 U.S.C. § 330(a)(4)(B).

In this case, Attorney White sought approval of his fees and expenses under § 330 and the court awarded those fees.[8] Thus, the Trustee should have paid the 2014 Fee Award to Attorney White prior to any disbursement to the Debtor. The parties ultimately settled their dispute regarding the payment of the 2014 Fee Award as set forth in the Review of Fees Order. The bankruptcy court then vacated that order on the basis that it was contrary to *Harris*. Because *Harris* does not apply in this case, however, Attorney White was entitled to recover the settled amount of his 2014 Fee Award, as fixed in the Review of Fees Order. Given that the bankruptcy court incorrectly applied *Har-*

---

**8.** Although the bankruptcy court dismissed the case before ruling on Attorney White's final fee application, the bankruptcy court was not divested of jurisdiction to consider the fee application because, in its June 12, 2014 order, it explicitly retained jurisdiction over any funds held by the Trustee for the purpose of acting upon any fee application. *See In re Advanced Computer Tech. Act, Inc.*, No. 1204454, 2013 WL 5661203, at *1 (Bankr.D.P.R. Oct. 15, 2013) (stating that "courts may determine compensation propriety in an underlying bankruptcy case post-dismissal by explicitly retaining jurisdiction") (citing *In re Samford*, 125 B.R. 230, 234 (E.D.Mo.1991); *In re Quaker Distribs., Inc.*, 189 B.R. 63, 66 (Bankr.E.D.Pa.1995); *In re Mandalay Shores Coop. Hous. Ass'n*, 60 B.R. 22, 23 (Bankr.M.D.Fla.1986)). We state this circumstance only in passing, not intending to rule even in dicta that had the retention of jurisdiction not been explicit, it could not have been implied on account of the obligations attendant to § 1326(a)(2).

*ris,* it abused its discretion when it issued the Vacating Order.

### CONCLUSION

For the reasons set forth above, we **REVERSE** the Vacating Order, and **REMAND** the matter to the bankruptcy court for the entry of an order consistent with this opinion.