**Fred Wehrwein, Plaintiff**

v.

**Dustin M. Roach, Trustee, Defendant**

**CASE NO. 15–12515**
**PROC. NO. 17–1004**

United States Bankruptcy Court, N.D. Indiana, Fort Wayne Division.

Signed June 14, 2017

---

Frederick W. Wehrwein, Fort Wayne, IN, for Plaintiff.

Dustin M. Roach, Van Gilder & Trzynka P.C., Fort Wayne, IN, for Defendant.

## DECISION

Robert E. Grant, Chief Judge, United States Bankruptcy Court

This adversary proceeding is round two of a dispute between debtors' counsel and the chapter 7 trustee in the debtors' subsequent case, regarding who is entitled to the funds held by the chapter 13 trustee in this case. Matter of Kerr, Case No. 15–12515, Decision and Order dated Sept. 15, 2016. The debtors filed a case under chapter 13 on October 28, 2015, which was dismissed at their request on April 12, 2016. See, 11 U.S.C. § 1307(b). No plan was ever confirmed. While that case was pending, the debtors made payments to the chapter 13 trustee, see, 11 U.S.C. § 1326(a)(1), who held $10,877.67 when this adversary proceeding was filed. The chapter 7 trustee contends those funds revested in the debtor upon dismissal of

the chapter 13, 11 U.S.C. § 349(b)(3), and so constituted property in which the debtors had an interest, on April 21, 2017, when they filed their chapter 7 case; therefore, they are property of the chapter 7 bankruptcy estate, 11 U.S.C. § 541(a), and should be turned over to him. 11 U.S.C. § 542. Debtors' counsel argues that before that happens, he should be paid his allowed attorney fees on account of the unsuccessful chapter 13.[1] Debtors' counsel filed this adversary proceeding to resolve that dispute, seeking an order requiring the chapter 13 trustee to pay his fees. See, Fed. R. Bankr. P. Rule 7001(1, 7, 9).[2] Those issues have been presented to the court on stipulations of fact and the briefs of counsel.

The answer to the parties' debate is largely a matter of statutory construction, which starts with § 1326 of the United States Bankruptcy Code. 11 U.S.C. § 1326. It requires chapter 13 debtors to begin making payments to the trustee before the court confirms a proposed plan. 11 U.S.C. § 1326(a)(1). If a plan is confirmed, those payments are distributed in accordance with the plan. "If a plan is not confirmed, the trustee shall return such payments . . . to the debtor, after deducting any unpaid claim allowed under section 503(b)." 11 U.S.C. § 1326(a)(2). The claims allowed under § 503(b) are the estate's administrative expenses, and they include "compensation and reimbursement under section 330(a)." 11 U.S.C. § 503(b)(2). Following the statutory trail on to § 330(a), leads to the "reasonable compensation to the debt-

or's attorney for representing the interests of the debtor" in cases under chapter 13. 11 U.S.C. § 330(a)(4)(B). So, looking back down the trail to § 1326(a)(2), before the chapter 13 trustee returns any payments to the debtors, the allowed administrative claims of debtors' counsel are paid first. Stated somewhat differently, what the debtors are entitled to receive from the chapter 13 trustee are the payments they made, less the fees awarded to their counsel (and any other administrative expenses).

▮ Both § 349 and § 1326(a)(2) come into play when a case is dismissed prior to confirmation. Yet, § 349 applies to all debtors and their property under any chapter of the Bankruptcy Code, 11 U.S.C. § 103(a), while § 1326(a)(2) applies only to debtors under chapter 13, 11 U.S.C. § 103(i), and then only to the payments they made to the trustee prior to confirmation. Section 1326(a)(2) is the more specific of the two statutory provisions and so, when a case is dismissed without a plan being confirmed, it controls over the more general provisions of § 349 as to the funds in possession of the chapter 13 trustee. Matter of Kirk, 537 B.R. 856, 860–61 (Bankr. N.D. Ohio 2015); In re Brandon, 537 B.R. 231, 235 (Bankr. D. Md. 2015). See also, RadLAX Gateway Hotel, LLC v. Amalgamated Bank, 566 U.S. 639, 132 S.Ct. 2065, 2071, 182 L.Ed.2d 967 (2012).

▮ When the language of the statute is clear, all that remains to be done is to

---

1. If debtors' counsel is correct, he will be paid in full for his services in the chapter 13 before anything is paid to the chapter 7 trustee. If the chapter 7 trustee is correct, he will receive all of the funds in question and debtors' counsel may file a claim in the chapter 7 case, as a general unsecured creditor, for his unpaid fees, to share whatever might be available with other creditors.

2. As the holder of the funds in question, the chapter 13 trustee was originally named as a defendant, but she claimed no interest in them. As a result, at the initial scheduling conference, it was agreed by all that she could deposit the disputed funds with the clerk of the court and, upon doing so, be dismissed as a party, without further notice. See, Order dated March 24, 2017. That has been done.

enforce it. Matter of Voelker, 42 F.3d 1050 (7th Cir. 1994). While the chapter 7 trustee is entitled to all property of the chapter 7 bankruptcy estate, that estate only includes the debtors' interests in property as of the date of the petition; so, whatever rights the trustee may have in the property are limited to what the debtors had at that time. See, Matter of Jones, 768 F.2d 923, 927 (7th Cir. 1985) (estate's rights in property are limited to those had by debtor—no more, no less). Where the funds in possession of the chapter 13 trustee are concerned, debtors are only entitled to the return of what they paid "after deducting any unpaid [administrative] claim," 11 U.S.C. § 1326(a)(2), which includes counsel's allowed fees. Since that is what they are entitled to receive, that is what their chapter 7 trustee is entitled to as well. Kirk, 537 B.R. at 861 quoting, Mass v. Pappalardo, 307 B.R. 732, 738 (1st Cir. BAP 2004) ("before the funds may be returned to the debtor, the Chapter 13 trustee must complete the administration of the case, including making payments for expenses related to administration of the estate"). See also, Brandon, 537 B.R. at 235 ("the applicable statutory scheme expressly directs Chapter 13 trustees to return funds on hand to the debtor. ... but only after payment of the allowed fees of the debtor's attorney.").

■ The trustee also argues that counsel's claim is barred by laches. It is one of the arguments he unsuccessfully made in opposition to counsel's application for fees. See, Matter of Kerr, Case No. 15–12515, Trustee's Brief, filed Aug. 22, 2016, pp. 2–3. Laches can rarely be invoked where, as here, there was a specific deadline by which something had to be done, Cf., Petrella v. Metro–Goldwyn–Mayer, — U.S. ——, 134 S.Ct. 1962, 1973–74, 188 L.Ed.2d 979 (2014) (laches did not bar claim brought within the applicable statute of limitations), and the order dismissing the chapter 13 case set a 14–day deadline for requesting payment of administrative expenses, see, Matter of Kerr, Case No. 15–12515, Order Dismissing Case, dated Apr. 12, 2016; a deadline which counsel met. It is difficult, if not impossible, to find unreasonable delay when one complies with a required deadline. Furthermore, the stipulated facts fail to demonstrate how the trustee (or the debtors in whose shoes he stands) may have been prejudiced by any delay: his rights as trustee were not altered by the timing of the application; the chapter 13 trustee's duties regarding the funds in question remained the same; and there was no change in the value of counsel's services. So, whether counsel's application was filed when the chapter 13 case was dismissed, the very next day or ten days later (as it was) makes no difference in the amount of those fees or how they are to be treated.

Out of the funds deposited with the clerk of the court in this case, $4,527.17 shall be paid to the Plaintiff, Fred Wehrwein. The remainder shall be paid to the Defendant, Dustin Roach, Trustee in Case No. 16–10830. Plaintiff may recover his costs.

Judgment will be entered accordingly.