**In re: Harry ROUSSOS; In re: Theodosios Roussos, Debtors,**

**Harry Roussos; Theodosios Roussos, Appellants,**

v.

**Lula Michaelides, Appellee.**

No. 00–56348.

BAP No. CC–99–01351–MaMeB.

United States Court of Appeals, Ninth Circuit.

Argued and Submitted Dec. 6, 2001.

Decided April 24, 2002.

Before NOONAN and WARDLAW, Circuit Judges, and SCHWARZER,[*] Senior District Judge.

MEMORANDUM [**]

Harry Roussos and Theodosios Roussos ("the Roussoses"), Chapter 7 debtors, appeal the bankruptcy court's summary judgment in an 11 U.S.C. § 523 adversary proceeding determining a state court judgment in favor of Lula Michaelides ("Michaelides") to be nondischargeable. We affirm.

Because the parties are familiar with the facts, we need not repeat them here.

I. COLLATERAL ESTOPPEL

The Roussoses contend that the bankruptcy court erred in applying collateral estoppel on the basis of the state court judgment. They concede that the substantive elements of § 523(a)(4) and (a)(6) were satisfied by application of collateral estoppel to the state court findings, but they assert that because the state court applied the benefit of the bargain measure of damages, the amount of compensatory damages was not actually litigated. However, the state court proceedings focused on whether the Roussoses had perpetrated a fraud and inflicted willful and malicious injury and eventuated in a judgment expressly awarding "compensatory damages" for defendants' "commission of actual fraud in a fiduciary relationship." Thus, the parties actually litigated the issue of

---

[*] The Honorable William W Schwarzer, Senior United States District Judge for the Northern District of California, sitting by designation.

[**] This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.

damages for fraud and it was necessarily decided. The state court's judgment is well within the scope of a "'debt ... for money ... obtained by' fraud." *Cohen v. de la Cruz*, 523 U.S. 213, 223, 118 S.Ct. 1212, 140 L.Ed.2d 341 (1998) (quoting § 523(a)(2)(A)).

## II. NONDISCHARGEABILITY OF PUNITIVE DAMAGES

We reject the Roussoses' contention that the bankruptcy court erred in finding the punitive damage award nondischargeable. First, they argue that the award does not bear a reasonable relationship to the compensatory damages awarded for fraud. However, the state appellate court held that the punitive damage award of less than two-thirds of the compensatory damages was not excessive. The bankruptcy court had no jurisdiction to review the state court's judgment. *See Rooker v. Fid. Trust Co.*, 263 U.S. 413, 44 S.Ct. 149, 68 L.Ed. 362 (1923); *Dist. of Columbia Court of Appeals v. Feldman*, 460 U.S. 462, 103 S.Ct. 1303, 75 L.Ed.2d 206 (1983). Second, the Roussoses are incorrect in asserting that the punitive damages are unrelated to their wrongful conduct; the state court's imposition of punitive damages rested on its finding of "[m]alice, oppression, and intentional fraud," in accordance with the requirements of California Civil Code section 3294. *See Cohen*, 523 U.S. at 219–20, 118 S.Ct. 1212 (holding that "debt for [x] ... obtained by fraud" in § 523 is not limited to the value of × as received by the debtor).

AFFIRMED.

* The Honorable Samuel P. King, Senior United States District Judge for the District of Hawaii, sitting by designation.

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as may be provided by 9TH CIR. R. 36–3.