FILED

MAR 23 2022

SUSAN M. SPRAUL, CLERK
U.S. BKCY. APP. PANEL
OF THE NINTH CIRCUIT

**NOT FOR PUBLICATION**

# UNITED STATES BANKRUPTCY APPELLATE PANEL
## OF THE NINTH CIRCUIT

| | |
|---|---|
| In re:<br>SKYLINE RIDGE, LLC,<br>　　　　　　　Debtor. | BAP No. AZ-21-1108-LBS<br><br>Bk. No. 4:18-bk-01908-BMW |
| SKYLINE RIDGE, LLC,<br>　　　　　　Appellant,<br>v.<br>CINCO SOLDADOS, LLC; LANDMARK<br>TITLE ASSURANCE AGENCY OF<br>ARIZONA, LLC, as Trustee for Landmark<br>Title Trust No. 1852-T,<br>　　　　　　　Appellees. | Adv. No. 4:20-ap-00155-BMW<br><br>**MEMORANDUM***|

Appeal from the United States Bankruptcy Court
for the District of Arizona
Brenda Moody Whinery, Bankruptcy Judge, Presiding

Before: LAFFERTY, BRAND, and SPRAKER, Bankruptcy Judges.

## INTRODUCTION

In the midst of the bankruptcy court's consideration of competing

plans of reorganization, debtor-in-possession Skyline Ridge, LLC

("Skyline") (now the reorganized debtor under the confirmed plan filed by

---

* This disposition is not appropriate for publication. Although it may be cited for whatever persuasive value it may have, *see* Fed. R. App. P. 32.1, it has no precedential value, *see* 9th Cir. BAP Rule 8024-1.

1

Cinco Soldado, LLC ("Cinco")), filed a state court lawsuit against Cinco, asserting claims for breach of contract and judicial foreclosure based on a prepetition note and deed of trust. According to Skyline, the note comprised the estate's largest asset. Cinco removed the state court action to the bankruptcy court. Before the bankruptcy court issued any dispositive rulings in the removed action, it confirmed Cinco's plan of reorganization, which called for settlement of disputes between Skyline and Cinco, including the disputes arising out of the same note and deed of trust. The note payment called for under the plan was paid and the deed of trust was reconveyed. After Skyline refused to dismiss the removed action, Cinco moved for summary judgment dismissing it without prejudice, as called for in the plan. The bankruptcy court granted the motion.

Skyline appeals, arguing that: (1) the bankruptcy court should have abstained and remanded the removed action; (2) the bankruptcy court lacked constitutional authority to enter a final order in the adversary proceeding; and (3) because the order confirming Cinco's plan is currently on appeal, Skyline will be prejudiced if the order is reversed because it will be time-barred from collecting the full amount owed to it.

As discussed herein, abstention doctrines do not apply to removed actions, and the bankruptcy court had authority to enter a final order enforcing the terms of the chapter 11 plan. Further, the note and deed of trust that were the subject of the claims in the removed action have been paid and reconveyed, respectively, thus rendering the claims moot.

Skyline's arguments regarding the pending appeal of the confirmation order have been presented and rejected by this Panel in connection with Skyline's request for a stay pending appeal of the confirmation order, which we denied. We therefore AFFIRM.

**FACTS**

## A. Pre-petition events

Skyline is an Arizona limited liability company formed in 1994 by Ahmad Zarifi, its sole member and manager, to design, build, and sell homes in the Tucson area. Cinco is an Arizona limited liability company formed in 2006 by Zarifi and others to acquire and develop a 160-acre parcel of land known as Rancho Soldados. The purchase of Rancho Soldados was funded in part by a $4 million loan from Skyline, as memorialized in a promissory note (the "Skyline Note"), which was secured by a second position deed of trust on Rancho Soldados ("Skyline DOT").

Although the Skyline Note provided for the payment of interest, Cinco took the position that the parties had orally agreed that the loan would not accrue interest and that Zarifi would convert the Skyline Note into equity when Rancho Soldados was platted. Cinco failed to pay the Skyline Loan on its amended maturity date of June 30, 2016.

**B.     Skyline's bankruptcy filing and the adversary proceeding**

Skyline filed its chapter 11[1] bankruptcy case on March 1, 2018. After the bankruptcy court terminated Debtor's exclusivity period, Debtor and Cinco proposed competing chapter 11 plans. Debtor's plan proposed litigating disputed claims; Cinco's plan (the "Cinco Plan") called for the settlement of disputed claims, including those relating to the Skyline loan.

In February 2020, while the competing plans were under consideration, Skyline filed a complaint against Cinco in the Superior Court of Arizona, Pima County. The complaint contained two claims for relief: (1) breach of contract, based on Cinco's alleged failure to comply with the terms of the Skyline Note; and (2) judicial foreclosure of the Skyline DOT. In May 2020, Cinco removed the state court lawsuit to the bankruptcy court. Skyline promptly filed a motion for abstention and remand ("Remand Motion"). The bankruptcy court deferred ruling on the Remand Motion until after plan confirmation.

In June 2020, after a five-day trial, the bankruptcy court issued a ruling and order denying confirmation of both plans. The parties each filed amended plans, and in November 2020, the bankruptcy court entered an order denying confirmation of Debtor's plan and confirming the Cinco Plan (the "Confirmation Order").

---

[1] Unless specified otherwise, all chapter and section references are to the Bankruptcy Code, 11 U.S.C. §§ 101–1532.

The Cinco Plan provides for compromise and payment of the Skyline Note, release of the Skyline DOT, and dismissal of the removed adversary proceeding. Specifically, the Cinco Plan provides: "In consideration of receipt of the Initial Settlement Payment on the Effective Date, Debtor and Cinco shall exchange mutual releases, dismiss all pending actions without prejudice, each party to bear its own attorneys' fees, and Debtor shall release all liens and claims upon property of Cinco." The Cinco Plan also provides for the retention of bankruptcy court jurisdiction to resolve pending adversary proceedings and to enter orders necessary to implement or consummate the provisions of the Cinco Plan.

On February 19, 2021, Cinco transferred $2,654,942 to the disbursing agent in satisfaction of the Skyline Note, as provided in the plan. Thereafter, the disbursing agent executed and delivered and caused to be recorded a Full Deed of Release and Reconveyance of the Skyline DOT, which released Skyline's lien against Rancho Soldados.

In the meantime, Skyline appealed the Confirmation Order to this Panel, which affirmed. *Skyline Ridge, LLC v. Cinco Soldados, LLC (In re Skyline Ridge, LLC)*, BAP Nos. AZ-20-1264-BTL & AZ-21-1000-BTL, 2021 WL 3829311 (9th Cir. BAP Aug. 25, 2021). Skyline has appealed the Panel's decision to the Ninth Circuit Court of Appeals (No. 21-60052); as of the date of this Memorandum, that appeal remains pending. Skyline's requests for a stay pending appeal were denied by the bankruptcy court and this

5

Panel; Skyline has not requested a stay pending appeal from the Ninth Circuit.

Shortly after the reconveyance was recorded, Cinco moved for summary judgment dismissing the adversary proceeding. Cinco argued that the Skyline Note had been paid and the Skyline DOT had been released, thus there was no basis for litigating the claims, and the adversary proceeding must be dismissed pursuant to the confirmed plan.

Skyline opposed the motion, arguing that dismissal was inappropriate because the Confirmation Order was on appeal and might be reversed. Skyline asserted that, even though the proposed dismissal was without prejudice to filing a future action, it would be prejudiced because the six-year statute of limitations would expire with respect to some of the unpaid payments on the Skyline Note. Skyline also objected to the bankruptcy court's entry of a final order disposing of the adversary proceeding, arguing that the court lacked constitutional authority to enter such an order pursuant to *Stern v. Marshall*, 564 U.S. 462 (2011).

In Cinco's reply, it argued that Skyline was again attempting to obtain a stay pending appeal, which had already been denied. It also suggested that the bankruptcy court treat the adversary proceeding as non-core and enter proposed findings and conclusions for de novo review by the district court.

After a hearing, the bankruptcy court issued a ruling and order ("Dismissal Order") granting Cinco's motion for summary judgment based

6

on the terms of the confirmed Cinco Plan and the fact that the terms of the settlement of the Skyline loan had been satisfied. With respect to its authority to enter a final judgment, the court concluded that it had "related to" jurisdiction over the adversary proceeding, and that it had ancillary jurisdiction to enter an order dismissing it because dismissal was required under the Confirmation Order. The court concluded that, based on its ancillary jurisdiction, it had constitutional authority to enter a final judgment because it was enforcing the Confirmation Order. Nevertheless, the bankruptcy court included a footnote in its ruling stating, "[i]f it is determined that this Court lacks authority to enter a final order disposing of this Adversary Proceeding, the foregoing constitute the Court's proposed findings of fact and conclusions of law." The bankruptcy court did not make any findings or conclusions regarding Skyline's Remand Motion.

Skyline timely appealed. Despite Skyline's assertion that the bankruptcy court lacked constitutional authority to enter the Dismissal Order, it did not elect to have the appeal heard by the district court.

## JURISDICTION

As discussed below, the bankruptcy court had jurisdiction under 28 U.S.C. §§ 1334 and 157(b)(2)(L) and the retention of jurisdiction provision of the confirmed plan.

We have jurisdiction over final orders and decrees, and from interlocutory orders with leave. 28 U.S.C. § 158(a). Here, the bankruptcy

7

court's order dismissed the adversary proceeding "without prejudice." Orders dismissing adversary proceedings without prejudice are generally interlocutory. *Barnes v. Belice (In re Belice)*, 461 B.R. 564, 571-72 (9th Cir. BAP 2011). At the same time, "[a] disposition is final if it contains a **complete** act of adjudication, that is, a full adjudication of the issues at bar, and clearly evidences the judge's intention that it be the court's final act in the matter." *Slimick v. Silva (In re Slimick)*, 928 F.2d 304, 307 (9th Cir. 1990) (cleaned up).

Skyline contends, and we agree, that the Dismissal Order meets these criteria. The Cinco Plan required that pending proceedings be dismissed without prejudice, so that is what the court did. But the court dismissed the adversary proceeding in its entirety, and nothing in the record suggests that there is anything further to be done in that matter. Accordingly, we may treat the order as final. We thus have jurisdiction.[2]

## ISSUES

Did the bankruptcy court abuse its discretion in implicitly denying Skyline's Remand Motion?

Did the bankruptcy court have constitutional authority to enter a final order in the adversary proceeding?

Did the bankruptcy court err in granting summary judgment dismissing the adversary proceeding?

---

[2] Cinco does not dispute that the order was intended to be final. To the contrary, it asserts in its brief that the Panel has jurisdiction over the appeal of the dismissal order because the order was final.

**STANDARDS OF REVIEW**

A bankruptcy court's denial of a motion to remand under 28 U.S.C. § 1452(b) is reviewed for abuse of discretion. *McCarthy v. Prince (In re McCarthy)*, 230 B.R. 414, 416 (9th Cir. BAP 1999). To determine whether the bankruptcy court abused its discretion, we conduct a two-step inquiry: (1) we review de novo whether the bankruptcy court "identified the correct legal rule to apply to the relief requested" and (2) if it did, whether the bankruptcy court's application of the legal standard was illogical, implausible, or "without support in inferences that may be drawn from the facts in the record." *United States v. Hinkson*, 585 F.3d 1247, 1261–62 (9th Cir. 2009) (en banc).

Whether the bankruptcy court had the constitutional authority to finally determine an issue is reviewed de novo. *Hasse v. Rainsdon (In re Pringle)*, 495 B.R. 447, 455 (9th Cir. BAP 2013). We also review de novo a bankruptcy court's grant of summary judgment. *Salven v. Galli (In re Pass)*, 553 B.R. 749, 756 (9th Cir. BAP 2016). Under de novo review, we look at the matter anew, as if it had not been heard before, and as if no decision had been rendered previously, giving no deference to the bankruptcy court's determinations. *Freeman v. DirecTV, Inc.*, 457 F.3d 1001, 1004 (9th Cir. 2006).

## DISCUSSION

### A. The bankruptcy court did not abuse its discretion in implicitly denying Skyline's Remand Motion.

The bankruptcy court never explicitly ruled on Skyline's Remand Motion, but its dismissal of the adversary proceeding operated as an implicit denial of that motion. On appeal, Skyline does not directly address remand but focuses its argument on abstention doctrines. Skyline contends that the bankruptcy court was required to abstain from exercising jurisdiction over the adversary proceeding pursuant to 28 U.S.C. § 1334(c). But abstention provisions do not apply when a state court action has been removed to federal court. This is because abstention, whether discretionary or mandatory, requires the existence of a parallel state court proceeding. *Schulman v. Cal. (In re Lazar)*, 237 F.3d 967, 981-82 (9th Cir. 2001); *Sec. Farms v. Int'l Bhd. of Teamsters, Chauffers, Warehousemen & Helpers*, 124 F.3d 999, 1009 (9th Cir. 1997). Once a state court proceeding has been removed to federal court, that requirement is no longer met. *See id.* at 1010 (state court proceeding was "extinguished" upon removal to federal court).[3]

Accordingly, Skyline's request for abstention should be treated as a motion to remand under 28 U.S.C. § 1452(b). *Id.* That statute provides, "The court to which such claim or cause of action is removed may remand such claim or cause of action on any equitable ground." Skyline's arguments on

---

[3] At oral argument, counsel for Skyline conceded that this is a correct statement of Ninth Circuit law, but he believes it to be wrong and wishes to preserve the argument for a potential appeal to the Ninth Circuit Court of Appeals.

appeal address only the question of mandatory abstention, which is inapplicable. The adversary proceeding involved an asset of the bankruptcy estate, and the Cinco Plan that was on file at the time of filing provided for resolution of the claims in the adversary proceeding. Further, the payment of the Skyline Note and reconveyance of the Skyline DOT mooted the claims in the removed action; there was no case or controversy to remand. We thus find no abuse of discretion in the bankruptcy court's implicit denial of the Remand Motion.

**B.      The bankruptcy court had constitutional authority to enter the Dismissal Order.**

Skyline contends that the bankruptcy court lacked constitutional authority, i.e., judicial power, to enter a final order in the adversary proceeding because it was not a core proceeding and because Skyline did not consent to entry of a final order. The bankruptcy court rejected this argument. It implicitly treated Cinco's motion for summary judgment as a motion to enforce the Confirmation Order. This was appropriate: despite its label, the motion was in substance a request for the court to enforce the provision of the Cinco Plan and Confirmation Order that required the adversary proceeding to be dismissed once the required payment had been made and the Skyline DOT reconveyed. *See Bankr. Receivables Mgmt. v. Lopez (In re Lopez)*, 274 B.R. 854, 862 (9th Cir. BAP 2002) ("A pleading is to be judged by its substance rather than by its form or label." (cleaned up), *aff'd*, 345 F.3d 701 (9th Cir. 2003)). Although Cinco styled the motion as one

for summary judgment of dismissal and filed it in the adversary proceeding, Cinco could have instead filed a motion to enforce the Confirmation Order in the main case. The motion alleged that the conditions for dismissal had been satisfied but that Skyline had refused to dismiss the action unconditionally, and the evidence attached to the motion confirmed this. Skyline does not contend otherwise.

Based on this interpretation, the bankruptcy court reasoned that it had ancillary jurisdiction to dismiss the adversary proceeding as enforcement of the Confirmation Order, a core proceeding.[4] *See Huse v. Huse-Sporsem, A.S. (In re Birting Fisheries, Inc.)*, 300 B.R. 489, 499 (9th Cir. BAP 2003) (bankruptcy court's core jurisdiction includes confirmation of plans, and core jurisdiction continues for the court to enforce its orders, even after the case has been closed). *See also Gray v. CPF Assocs., LLC (In re Gray)*, 614 B.R. 96, 105 (D. Ariz. 2020) ("Actions to interpret or enforce a prior order are effectively a continuation of that earlier proceeding, thus if that earlier proceeding was 'core,' then the later one is too." (citing *McCowan v. Fraley (In re McCowan)*, 296 B.R. 1, 3–4 (9th Cir. BAP 2003)). In concluding that it had ancillary jurisdiction, the bankruptcy court recognized that its post-confirmation jurisdiction is limited to matters that

---

[4] Skyline asserted in its opening brief that the bankruptcy court found that the adversary proceeding was **not** a core proceeding. To the contrary, the court stated, "[g]iven that this Court is exercising ancillary jurisdiction to enforce this Court's Confirmation Order by dismissing this Adversary Proceeding, it is this Court's determination that this is a 'core' proceeding."

have a "close nexus" to the plan; that is, matters affecting "the interpretation, implementation, consummation, execution, or administration of the confirmed plan." *Montana v. Goldin (In re Pegasus Gold Corp.)*, 394 F.3d 1189, 1194 (9th Cir. 2005) (quoting *Binder v. Price Waterhouse & Co., LLP (In re Resorts Int'l, Inc.)*, 372 F.3d 154, 167 (3d Cir. 2004)). The dismissal of the adversary proceeding was indisputably required to implement the confirmed plan.

But whether the bankruptcy court had ancillary jurisdiction is not the relevant question.[5] Under the unique facts and procedural posture of this case, the court's entry of the Dismissal Order was within its judicial power for two reasons: first, it was a ministerial act that was required under the terms of the confirmed plan, i.e., it disposed of the procedural "shell" containing the resolved claims; and second, it was a determination of matters which did not require the court to make findings on any disputed issues of fact, and therefore did not implicate any deferential standard of review on appeal.

---

[5] We emphasize here the difference between subject matter jurisdiction and judicial power. A court's jurisdiction is determined as of the time of filing. *Grupo Dataflux v. Atlas Glob. Grp., L.P.*, 541 U.S 567, 570 (2004). And because subject matter jurisdiction "involves a court's power to hear a case, it can never be forfeited or waived." *Arbaugh v. Y&H Corp.*, 546 U.S. 500, 514 (2006) (quoting United States v. Cotton, 535 U.S. 625, 630 (2002)). Unlike subject matter jurisdiction, however, a bankruptcy court's constitutional authority to enter a final order may be consented to, or an objection to it can be waived. *See Wellness Int'l Network, Ltd. v. Sharif*, 575 U.S. 665, 683-84 (2015) (litigant may implicitly consent to bankruptcy court authority).

With respect to the ministerial nature of the dismissal of the adversary proceeding, we do not suggest that plan confirmation transformed the substantive claims in the adversary proceeding from non-core to core. Rather, the fact that the initial complaint involved non-core claims is irrelevant because those claims, i.e., the parties' substantive rights, had already been finally disposed of in the plan confirmation process; the Confirmation Order was the final order adjudicating the claims.[6]

More fundamentally, we discern no error in the court's disposition of the adversary proceeding.

First, the bankruptcy court's authority to enter a final order or judgment was not called into question here because there were no genuinely disputed issues of material fact as to the claims for which summary judgment was sought. As noted, the bankruptcy court was therefore not making determinations of disputed issues of fact that would implicate a deferential standard of review by an Article III tribunal. Moreover, an order granting summary judgment is subject to de novo review upon appeal in any event. *United States v. Phattey*, 943 F.3d 1277, 1280 (9th Cir. 2019) (citation omitted). But Cinco does not even argue that the adversary proceeding was erroneously dismissed.

---

[6] Nothing in this memorandum should be interpreted to mean that the court's ancillary jurisdiction to enforce a confirmed plan that settles non-core claims converts those claims from non-core to core. Rather, as explained, in the unique circumstances presented here, the bankruptcy court had the judicial power to enter the order granting summary judgment.

14

Therefore, to the extent it matters, the policy reasons for limiting the power of an Article I court to enter a final order in a non-core matter are not present here. This is not a situation where a stranger to the bankruptcy is being forced to have its claims heard by a non-Article III court. *See Wellness*, 575 U.S. at 682-83 ("[T]he cases in which this Court has found a violation of a litigant's right to an Article III decisionmaker have involved an objecting defendant forced to litigate involuntarily before a non-Article III court."). At the time it filed the removed action, Skyline was a debtor-in-possession, and the claims it asserted involved the estate's largest asset. Those claims were in the process of being resolved through plan confirmation, and while Skyline's plan called for the claims to be litigated, Skyline was not required to litigate them in state court.

Nevertheless, out of an abundance of caution, the bankruptcy court included language in its order declaring that, if necessary, its order could be treated as proposed findings of fact and conclusions of law.

Finally, despite Skyline's ostensible objection to having a non-Article III court decide the motion, and the bankruptcy court's explicit provision that the Dismissal Order could be treated as proposed findings and conclusions, Skyline appealed to this Panel rather than the district court, which arguably constituted a waiver of its *Stern* objection. *See Wellness*, 575 U.S. at 683-84.

For all these reasons, we conclude that the bankruptcy court had the power to enter the Dismissal Order.

**C.    The bankruptcy court did not err in granting summary judgment.**

Summary judgment is appropriate if the pleadings and supplemental materials demonstrate that there is no genuine issue as to any material fact on the claims at issue, and the moving party is entitled to judgment as a matter of law. *Roussos v. Michaelides (In re Roussos)*, 251 B.R. 86, 91 (9th Cir. BAP 2000), *aff'd*, 33 F. App'x 365 (9th Cir. 2002). This appeal presents no factual disputes.

As noted, the payment and release of the Skyline DOT that occurred in accordance with the Cinco Plan mooted the claims in the adversary proceeding. Moreover, because the conditions for dismissal of the adversary proceeding set forth in the Cinco Plan had been satisfied, in the absence of a stay pending appeal, the bankruptcy court did not err in granting summary judgment and dismissing the adversary proceeding without prejudice.

Skyline argues that if the Confirmation Order is reversed in the pending Ninth Circuit appeal, then the Dismissal Order should also be reversed. It further argues that even if that occurs, and Skyline is allowed to pursue its breach of contract and foreclosure claims against Cinco at a later date, it would be prejudiced because it may be time-barred from collecting interest on payments that came due more than six years before filing. Skyline's arguments would be pertinent to a request for a stay pending appeal of the Confirmation Order. But Skyline has already

presented similar arguments to the bankruptcy court and this Panel, which rejected them.

## CONCLUSION

For the reasons set forth above, the bankruptcy court did not abuse its discretion in declining to remand the adversary proceeding. The court also had the constitutional authority to enter the Dismissal Order, and it did not err in doing so. Accordingly, we AFFIRM.